J-S30002-19

2019 PA Super 332

| MIRIAM A. JOHNSON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALBERT D. JOHNSON JR., | : | |
| | : | |
| Appellant | : | No. 3315 EDA 2018 |

Appeal from the Order Entered October 22, 2018
In the Court of Common Pleas of Chester County
Domestic Relations at No(s):  No. 0582 N 1997,
PACSES No. 133001257

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and MUSMANNO, J.

OPINION BY PANELLA, P.J.:                    **FILED NOVEMBER 01, 2019**

Albert D. Johnson Jr., Father, appeals from the trial court order denying his petition for special relief, seeking repayment from Miriam A. Johnson, Mother, of an overpayment of support. Father and Mother are natural parents of their adult daughter Jessica who, because of mental illness, continued to receive court ordered support payments from Father after her eighteenth birthday. On July 6, 2017, the trial court issued an order terminating Father's support obligation retroactively to August 4, 2014.[1] Thereafter, Father filed the instant petition, seeking repayment of the $71,802.74 credit to his account stemming from support payments made between August 2014 and July 2017.

---

[1] Mother did not appeal the July 6, 2017 order of support termination, but thereafter filed a second complaint for support of Jessica on August 31, 2017. In that case, the trial court sustained Father's preliminary objections and dismissed Mother's complaint. Mother's appeal of the dismissal is docketed at No. 2311 EDA 2018.

During a hearing on Father's petition, Mother asserted that, per Father's request, support payments were made directly to Jessica. The trial court found that the checks did go directly to Jessica pursuant to court order. Therefore, it denied Father's petition to collect the credit from Mother. Father appealed, claiming that Mother bore responsibility to refund him the credit, regardless of to whom the payments were made. Upon review, we conclude that the trial court did not abuse its discretion. Consequently, we affirm.

Father raises two issues on appeal:

I. [Whether] the trial court erred in failing to order the repayment of overpaid support, on either statutory or other grounds[?]

II. [Whether] the trial court erred in failing to provide for the repayment/recapture of overpaid support given [Mother's] initiation of a second support action[?]

Father's Brief, at 4.

The amount of a support order is largely within the discretion of the trial court, whose judgment should not be disturbed on appeal absent a clear abuse of discretion. An abuse of discretion is not merely an error of judgment, but rather a misapplication of the law or an unreasonable exercise of judgment. A finding that the trial court abused its discretion must rest upon a showing by clear and convincing evidence, and the trial court will be upheld on any valid ground.

*Portugal v. Portugal*, 798 A.2d 246, 249 (Pa. Super. 2002) (citation omitted).

In his first issue, Father asserts that the court erred and misapplied the law when it did not order repayment of the overpaid support as required by Pa.R.C.P. § 1910.19(g)(2). Father maintains that section 1910.19(g)(2) provides that the credit must be collected from the former obligee, in this

instance, Mother. He claims that although the situation was irregular in that the support payments went directly to Jessica, and not to Mother, this does not change Mother's status as former obligee. Therefore, he argues she is responsible for payment of the credit. **See** Father's Brief, at 8-11. We disagree.

Father's argument relies on his interpretation of section 1910.19(g)(2), which provides in full:

> **(2) Order Terminated.** If there is an overpayment in any amount and there is no charging order in effect, within one year of the termination of the charging order, the former obligor may file a petition with the domestic relations section seeking recovery of the overpayment. A copy shall be served upon the former obligee as original process. The domestic relations section shall schedule a conference on the petition, which shall be conducted consistent with the rules governing support actions. The domestic relations section shall have the authority to enter an order against the former obligee for the amount of the overpayment in a monthly amount to be determined by the trier of fact after consideration of the former obligee's ability to pay.

Pa.R.C.P. § 1910.19(g)(2).

Notably, the statute in question does not require that the trial court enter an order of repayment against the former obligee. Instead, it vests the domestic relations section with the authority to enter such an order after conducting a conference on the petition.

Here, the trial court conducted a hearing on Father's petition. At the hearing, Mother testified that she did not directly receive the support payments for Jessica, but that, pursuant to a domestic relations order requested by Father, Jessica had been receiving the support checks directly

- 3 -

since 1998. The trial court took the matter under advisement and, following a review of the certified record, issued an order denying Father's petition. *See* Order, 10/22/18.

Upon review, we conclude that the court did not abuse its discretion. Rather, it recognized the unusual posture of this case, and crafted the support order to address the situation at hand. The Rules of Civil Procedure governing actions for support do not define the term "obligee." *See*, *e.g.*, Pa.R.C.P. 1910.1. However, the Uniform Interstate Family Support Act, 23 Pa.C.S.A. §§ 7101-7903, does provide a definition. Under that Act, an obligee is "[a]n individual to whom a duty of support is or is alleged to be owed . . . ." 23 Pa.C.S.A. § 7101.1.

Here, the record supports the trial court's finding that Father owed the duty of support directly to Jessica. As a result, we conclude that nothing in section 1910.19(g)(2) required the court to find Mother liable for repayment of Jessica's support to Father. Father's first issue does not merit relief.

In his second issue, Father argues that the trial court erred when it failed to transfer the credit to Mother's second complaint for support. Father again relies on the language of section 1910.19(g)(2), and argues that the court had the authority to enter an order to effectuate repayment, therefore he claims it was error for the trial court not to transfer the credit to the complaint for support that Mother filed on August 31, 2017. *See* Father's Brief, at 13-15. We disagree.

As discussed above, section 1910.19(g)(2) does not mandate that a trial court must enter an order against a former obligee. The statute simply gives a domestic relations committee or officer the authority to do so after a conference between the parties. Further, as noted above, the court properly found that Jessica, not Mother, was the obligee. Accordingly, we again conclude that the trial court did not abuse its discretion when it did not enter an order for repayment against Mother. Father's second issue is meritless.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/1/19