J-S06004-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LYNDA JEAN-GILLES AND WILFORD JEAN-GILLES | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, HOSPITAL OF THE UNIVERSITY OF PENNSYLVANIA, JOHN DOES I THROUGH X AND XYZ COMPANIES I THROUGH X | : | No. 1637 EDA 2021 |

Appeal from the Order Entered July 21, 2021,
in the Court of Common Pleas of Philadelphia County,
Civil Division at No(s):  210200502.

BEFORE:  KUNSELMAN, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED MARCH 11, 2022**

Lynda and Wilford Jean-Gilles appeal following the entry of judgment of *non pros* in this malpractice action, even though they did not file a certificate of merit.[1]  On appeal, the Jean-Gilleses ignore our deferential standard of review for such orders.  Thus, we affirm.

The trial court found the facts and procedural posture to be as follows:

> Ms. Jean-Gilles initiated this action on February 4, 2021 by filing a complaint against the Trustees of the University of Pennsylvania and Hospital of the University of Pennsylvania (collectively "the hospital").  In her complaint, Ms. Jean-Gilles alleged that, after a diagnostic procedure, she was allowed to leave the hospital while unattended or without assistance and, while doing so, fell to the floor.

_____

[1] Mr. Jean-Gilles filed a claim for loss of consortium.

As the allegations in the complaint sound in medical malpractice, Ms. Jean-Gilles was required to file a certificate of merit. The complaint did not contain a certificate of merit. On March 7, 2021, the hospital filed a Rule 1042.6 Notice of Intent to Enter Judgment of *Non Pros* if Ms. Jean-Gilles failed to file a certificate of merit within 30 days. The notice was served on Ms. Jean-Gilles's counsel through the court's electronic-filing system. Ms. Jean-Gilles did not file a certificate of merit. As a result, on April 7, 2021, pursuant to Rule 1042.7, the Office of Judicial Records, upon the hospital's praecipe, entered a judgment of *non pros* against [the Jean-Gilleses].

On April 9, 2021, [they] filed a Motion to Vacate the Judgment of *Non Pros*, to which the hospital filed a response.

\* \* \*

Ms. Jean-Gilles's entire argument for her failure to comply with the rules [was] centered on her counsel's contention that he did not receive the hospital's notice. This argument is unavailing. Counsel conceded that he received **every other** filing that had been electronically transmitted in this case – except for the notice. It [was] not plausible that counsel did not receive an automated, court email notifying counsel of an electronic filing. There was no evidence presented of any outage or problem with the court's electronic-filing system, or counsel's email service on that date. In the absence of such corroborating or supporting evidence, this Court did not accept counsel's explanation as "reasonable."

Trial Court Opinion, 10/14/21, at 2-4 (footnotes omitted) (emphasis in original). In short, the trial court discredited the factual claim that the Jean-Gilleses' attorney never received the notice to seek a judgment of *non pros*. Therefore, it denied the Jean-Gilleses relief, and this timely appeal followed.

The Jean-Gilleses raised three issues. **See** Jean-Gilleses Brief at 4. In their argument, however, they combine them as follows: whether the trial court "abused its discretion and erred as a matter of law when it [refused] to vacate a judgment of *non pros*, [because the Jean-Gilleses] presented circumstances and facts which warranted the opening of the judgment of *non pros*, and [the hospital] could show no prejudice." **Id.** at 9. Thus, we address this single, combined issue.

Initially, the Jean-Gilleses acknowledge that "when reviewing the denial of a petition to strike and/or open a judgment of *non pros*, this Court will reverse the trial court if this Court finds the trial court **manifestly** abused its discretion." **Id.** at 3 (citing **Yee v. Roberts**, 878 A.2d 906, 910 (Pa. Super. 2005)) (emphasis added). However, the Jean-Gilleses do not define an abuse of discretion, nor do they indicate which type of abuse the trial court allegedly committed.

Abuse of discretion may take one of three forms. As the trial court observed, an "abuse of discretion occurs if [(1) the trial court] committed an error of law; [(2) it] exercised its judgment in a manifestly unreasonable manner; or [(3) its] decision was the result of partiality, prejudice, bias or ill-will, as shown by evidence on the record." Trial Court Opinion, 10/14/21, at 3 (citing **Womer v. Hilliker**, 908 A.2d 269, 273 (Pa. 2006)).

Rather than explaining which abuse occurred, the Jean-Gilleses argue why they think the trial court should have granted their motion, as if our standard of review were *de novo*. They contend that the trial court "**erred** in

- 3 -

finding that no reasonable excuse for the delay existed . . . ." Jean-Gilleses Brief at 11 (emphasis added).

Even if we agreed that the trial court "erred" in this regard, Pennsylvania courts have long held that an "abuse of discretion is not merely an error of judgment, but rather a misapplication of the law or an unreasonable exercise of judgment." **Johnson v. Johnson**, 222 A.3d 787, 789 (Pa. Super. 2019). Thus, it is insufficient to convince us that "the lower tribunal reached a decision contrary to the decision that the appellate court would have reached." **B.B. v. Dep't of Pub. Welfare**, 118 A.3d 482, 485 (Pa. Cmwlth. 2015) (some punctuation omitted). An appellant must demonstrate one of the three abuses described above. **See Womer**, **surpa**.

Here, the Jean-Gilleses merely offer their view of the facts. They then assert that the missing certificate of merit "was an inadvertent mistake or oversight, resulting from the lack of electronic notice . . . which is both a reasonable explanation and legitimate excuse for the delay, which warrants the application of Pa.R.C.P. 126 to this matter." Jean-Gilleses' Brief at 12.

First, the trial court rejected the Jean-Gilleses' version of the facts. The fact finder ruled that it was "**not plausible** [their] counsel did not receive an automated, court email notifying counsel of an electronic filing. There was no evidence presented of any outage or problem with the court's electronic-filing system, or counsel's email service on that date." Trial Court Opinion, 10/14/21, at 3-4 (emphasis added). Hence, as found by the trial court, the

attorney for the Jean-Gilleses received the notice of the hospital's intent to seek the judgment of *non pros*.

Second, the Jean-Gilleses' self-proclaimed "reasonable and legitimate excuse" does not demonstrate an abuse of discretion. At best, this indicates that reasonable minds can differ as to what is excusable in this circumstance.

As the trial court explained, the Jean-Gilleses were not victims of events beyond their control. Presumably, their attorney knew a certificate of merit was required for a medical-malpractice case to proceed. ***See id.*** at 5-6. And yet, the Jean-Gilleses still have not produced the required certificate. "Ms. Jean-Gilles's failure to attach a certificate of merit to her motion [to vacate the judgment of *non pros*], filed more than 60 days after she filed her complaint, confirms that [she] failed to state a meritorious cause of action." ***Id.*** at 6. This logic remains unassailed on appeal.

In sum, the Jean-Gilleses failed to mount an abuse-of-discretion attack against the trial court's analysis. By arguing the appellate issue *de novo*, they have not established that an abuse of discretion occurred.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/11/2022