J-S01027-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| STEPHEN MATTHEW THOMPSON | : | |
| | : | |
| Appellant | : | No. 1358 WDA 2021 |

Appeal from the Judgment of Sentence Entered October 11, 2021,
in the Court of Common Pleas of Erie County,
Criminal Division at No(s): CP-25-CR-0003376-2019.

BEFORE:   BENDER, P.J.E., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                **FILED:  March 10, 2023**

Stephen Matthews Thompson appeals from the judgment of sentence, imposing an aggregate sentence of six to twelve years' incarceration after a jury convicted him of selling narcotics to a confidential informant and various related offenses.[1]  The trial court denied Thompson's multiple motions to disclose the identity of the informant.  On appeal, he challenges those rulings, but ignores our deferential standard of review for such matters and, therefore, is entitled to no relief in that regard.  However, the parties and the trial court agree that part of Thompson's sentence is illegal.  Hence, we modify the sentence and affirm.

On July 8, 2019, Thompson spoke by phone with an informant, who was working with the narcotics agents of the Attorney General of Pennsylvania.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. § 7512(a), 35 P.S. § 780-113(a)(16),(30), and 35 P.S. § 780-113(a)(16).

Thompson and the informant agreed to meet at a gas station in Erie and to complete a drug buy. Investigators controlled the drug buy to ensure that the informant had no drugs prior to meeting Thompson. Thus, they strip searched the informant before and after the transaction, provided $200 in cash to the informant, and observed the informant and Thompson during the exchange.

Thompson drove a red Chevrolet sedan to the gas station and exited to pump gas. Meanwhile, the informant got in the back, driver-side seat. The informant sat in the car with two unknown men and waited for Thompson to reenter the vehicle. The agents could not see which of the three men gave narcotics to the informant or took the money. Immediately afterwards, the informant gave the agents a plastic baggie containing 1.92 grams of fentanyl and returned $70 in change.

The agents and the confidential informant performed another controlled buy with Thompson on July 8, 2019 at a different gas station. This time, Thompson was alone in the red Chevrolet. The informant returned with a plastic baggie containing 1.06 grams of a heroin/fentanyl mix and no change.

Two months later, the agents arrested Thompson. Pretrial, he moved to compel disclosure of the informant's identity three times. The trial court denied each request, and the matter proceeded to trial.

Among lesser offenses, the jury convicted Thompson of possessing the 1.92 grams of fentanyl on April 8, 2019, but it acquitted him of possessing that fentanyl with intent to deliver it to the informant. As for the July 8, 2019 transaction, the jury convicted him of both possessing the 1.06 grams of a

heroin/fentanyl mix and possessing that mix with intent to deliver it to the informant.

The trial court sentenced Thompson as follows:

Count Two: Criminal Use of Communication Facility [on April 8, 2019] — one to two years of incarceration;

Count Three: Possession [on April 8, 2019] — six months to one year of incarceration, consecutive to Count Four;

Count Four: Unlawful Delivery [on July 8, 2019] — five to 10 years of incarceration, consecutive to Count Two and concurrent with Count Three;

Count Five: Criminal Use of Communication Facility [on July 8, 2019] — one to two years of incarceration, concurrent with Count Two;

Count Six Possession [on July 8, 2019] – six months to one year of incarceration, concurrent with Count Four.

Trial Court Opinion, 6/6/22, at 1-2. Notably, the trial court did not merge the crime of possession on July 8, 2019 (Count Six) with the crime of possession with intent to deliver on the same day (Count Four).

Thompson raises two appellate issues:

1. Did the trial court commit an abuse of discretion and/or error of law when it denied [Thompson's] repeated requests to disclose the identity of the confidential informant and where the testimony of the CI would have materially aided the defense, given that the CI's observations of the exchanges/number of persons in the vehicle during the exchanges could not be obtained from another disinterested source?

> 2. Did the trial court impose an illegal sentence at count 6, as a conviction for simple possession merges with the count 4 conviction for possession with intent to deliver?

Thompson's Brief at 9 (some capitalization removed). We address the two issues in turn.

First, Thompson challenges the trial court's refusal to order disclosure of the confidential informant's identity.

At the outset of his brief, Thompson correctly acknowledges that "Our standard of review of claims that a trial court erred in its disposition of a request for disclosure of an informant's identity is confined to abuse of discretion." *Id.* at 4 (quoting *Commonwealth v. Koone*, 190 A.3d 1204, 1208 (Pa. Super. 2018)). Where, as here, the informant was an eyewitness to the transaction in question, the trial court's discretion is established under Pennsylvania Rule of Criminal Procedure 573(B)(2)(a)(i).

Furthermore, Thompson correctly defines an abuse of discretion. It "is not merely an error of judgment but is rather [(1)] the overriding or misapplication of the law, [(2)] the exercise of judgment that is manifestly unreasonable, or [(3)] the result of bias, prejudice, ill-will, or partiality, as shown by the evidence of record." Thompson's Brief at 4 (quoting *Commonwealth v. Sandoval*, 266 A.3d 1098, 1101 (Pa. Super. 2021)). However, he never indicates which type of abuse of discretion the trial court supposedly committed.

Rather than explaining which abuse occurred, Thompson argues why the trial court should have ordered disclosure of the informant's identity, as if our standard of review were *de novo*. He contends, because no agent saw him hand the drugs to the informant, that he "established materiality to his defense." *Id.* at 29. He further claims that:

> [He] has also established the reasonableness of this request [for disclosure] as the Commonwealth never offered any pretrial explanation that this request would jeopardize anyone's safety. [Thompson, therefore,] asks this Honorable Court to find the trial court committed an abuse of discretion when it denied his request and remand for a new trial.

*Id.* In other words, he thinks the trial court erred in judgment by finding a lack of materiality and of reasonableness regarding his disclosure requests.

Even if we disagreed with the trial court's judgment, Pennsylvania courts have long held that an "abuse of discretion is not merely an error of judgment, but rather a misapplication of the law or an **unreasonable exercise** of judgment." *Johnson v. Johnson*, 222 A.3d 787, 789 (Pa. Super. 2019) (emphasis added). Therefore, it is insufficient to convince us that "the lower tribunal reached a decision contrary to the decision that the appellate court would have reached." *B.B. v. Dep't of Pub. Welfare*, 118 A.3d 482, 485 (Pa. Cmwlth. 2015) (some punctuation omitted). An appellant must demonstrate one of the three abuses described above. *See Womer*, *surpa*.

We review for abuse of discretion, because, according to the Supreme Court of the United States, "no fixed rule with respect to disclosure of the

confidential informant's identity is justifiable." **Commonwealth v. Withrow**, 932 A.2d 138, 140 (Pa. Super. 2007) (quoting **Commonwealth v. Carter**, 233 A.2d 284, 287 (Pa. 1967) (quoting **Roviaro v. United States**, 353 U.S. 53, 62, (1957))) (some punctuation omitted). "The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." **Roviaro**, 353 U.S. at 62. "Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." **Id.** Thus, this is a fact-driven inquiry, which the Supreme Court has committed to the sound discretion of trial courts across the nation.

Here, the trial court heard the testimony of the investigating agent at a suppression hearing regarding his role in and observations of the two controlled buys. The agent testified that he witnessed the informant enter Thompson's car without drugs and saw Thompson in and/or around the vehicle. He then saw the informant return with the drugs on both occasions without interacting with anyone else after leaving the Chevrolet. Based on the agent's testimony, the court reasoned that Thompson "failed to make a threshold showing the informant's identity was material to his defense and the request for disclosure was reasonable." Trial Court Opinion, 6/6/22, at 11.

The trial court could reasonably infer that the identity of the informant was immaterial to Thompson's defense, because the agent's eyewitness

observations, standing alone, placed Thompson at the scene of both crimes. The agent's testimony, coupled with Thompson's phone call and texts to set up the drug buys, could lead a reasonable mind to conclude that the informant had no exculpatory evidence. As such, the court could rationally hold that the public's interest in shielding the informant's identity for use by the Commonwealth in future controlled buys outweighed Thompson's right to prepare his defense.

Indeed, Thompson does not argue, much less convince us, that the trial court's inferences and conclusions were manifestly unreasonable or that they overrode or misapplied the law. Nor does he argue that the trial court's determinations were the result of bias, prejudice, or ill-will. Hence, he fails to persuade us that an abuse of discretion occurred. His first appellate issue is meritless.

Turing to Thompson's second issue, he asserts that his sentence on the sixth count (possession of 1.06 grams of a heroin/fentanyl mix on July 8, 2019) is illegal, because that count must merge, for sentencing purposes, with the greater offense of the fourth count (possession of the heroin/fentanyl mix with intent to deliver on July 8, 2019). The trial court and the Commonwealth agree that merger was proper. **See id.**; **see also** Commonwealth's Brief at 5-6.

"Issues relating to the legality of a sentence are questions of law . . . ." **Commonwealth v. Diamond**, 945 A.2d 252, 256 (Pa. Super. 2008), *appeal denied*, 955 A.2d 356 (Pa. 2008). As such, our "standard of review over such

questions is *de novo*, and our scope of review is plenary." ***Commonwealth v. Ramos***, 197 A.3d 766, 769 (Pa. Super. 2018). "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." ***Id.***

Crimes merge at sentencing when they "arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense." 42 Pa.C.S.A. § 9765. "Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense." ***Id.***

Here, it is undisputed that Thompson's crime of possession on July 8, 2019, was the same criminal act and had all the statutory elements of his July 8, 2019, crime of possession with intent to deliver. Thus, the trial court should have merged the crimes for purposes of sentencing and only had authority to sentence Thompson on the higher graded offense of possession with intent to deliver. Accordingly, the trial court erred, as matter of law, when it imposed a concurrent sentence of six months to one year on count six.

"An appellate court may . . . modify . . . any order brought before it for review . . . ." 42 Pa.C.S.A. § 706. Because the parties agree the sentence needs correction and because nullifying the shorter, concurrent sentence at count six will not disrupt the sentencing scheme, we modify Thompson's sentence in the interest of judicial economy.

The appealed-from order is hereby modified as follows:

AND NOW, this 11th day of October, 2021, having been convicted in the above-captioned case, the defendant is sentenced by this Court as follows:

\*     \*     \*

Count 6 - 35 § 780-113 §§ A16 - Int Poss Contr Subst by Per Not Reg (M) to merge with Count 4, **_supra_**, no further penalty.

Trial Court Order, 10/11/21.

Judgment of sentence affirmed as modified.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/10/2023