J-S07028-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| HENRY DIAZ-AYALA | : | |
| | : | |
| Appellant | : | No. 1223 EDA 2022 |

Appeal from the Judgment of Sentence Entered December 16, 2021,
in the Court of Common Pleas of Montgomery County,
Criminal Division at No(s): CP-46-CR-0001882-2019.

BEFORE:  DUBOW, J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED APRIL 4, 2023**

After a jury convicted him of felony murder, criminal conspiracy, and related offenses,[1] Henry Diaz-Ayala appeals from the judgment of sentence of incarceration for life without the possibility of parole.  We affirm.

Around 9:10 p.m. on January 23, 2019, Diaz-Ayala, Justin Mitchell, and Russel Montalvo-Fernandez broke into the home of David Pass and his father, Ralph Williams.  Carrying guns, the men intended to rob Mr. Pass "of money he owed to Mitchell, who in turn owed it to [Diaz-Ayala] and Montalvo[-Fernandez]."  Trial Court Opinion, 6/24/22, at 4.

While Montalvo-Fernandez and Mr. Pass were on the third floor, Diaz-Ayala was with Mr. Williams in his second-floor bedroom.  Mr. Williams resisted and stabbed Diaz-Ayala, who screamed.  Upon hearing Diaz-Ayala's scream,

_____

[1] **See** 18 Pa.C.S.A. §§ 903(a)(1), 907(a), 2505(b), 2702(a)(1), 3701(a)(1)(i), 3701(a)(ii), and 3701(a)(1)(iv).

Montalvo-Fernandez shot Mr. Pass in the leg and buttocks. Montalvo-Fernandez ran downstairs, where he repeatedly shot and killed Mr. Williams.

The three home invaders fled the scene. Diaz-Ayala left a trail of blood from Mr. Williams' bedroom, down the stairs, through the kitchen, out the back door, and into the street. Montalvo-Fenandez drove Mitchell home and then took Diaz-Ayala to a hospital.

Several months passed, and police eventually apprehended Diaz-Ayala and Mitchell. Meanwhile, Montalvo-Fernandez escaped to Mexico with the help of his close friend, Elijah Moody.

The Commonwealth chose to try Diaz-Ayala and Mitchell together. Diaz-Ayala moved to sever his and Mitchell's trials. Diaz-Ayala argued a joint trial would prejudice him, because the codefendants had conflicting theories of what occurred on the night of the home invasion. Also, the Commonwealth intended to admit Mitchell's grand-jury testimony against Mitchell, and Diaz-Ayala feared that testimony would incriminate him without an opportunity to cross-examine Mitchell. The trial court denied severance.

Also, the Commonwealth filed a motion *in limine* to admit the testimony of Elijah Moody regarding statements Montalvo-Fernandez made to him in the days after the homicide. The trial court granted the Commonwealth's motion and explained its ruling from the bench as follows:

> It's important to note that Moody and Montalvo[-Fernandez] were friends prior to the homicide. It's also important to note that, at the time these statements were made, [none] of the defendants had been arrested for homicide. The case law does say that the conspiracy ends

upon arrest. We don't have that in this particular situation. We know that Mr. Moody testified before the Investigating Grand Jury on two occasions, that being September 3, 2019 and . . . July 24, 2019.

On August 7, 2019, he and his attorney met with Detective Mitchell, and I'll quote, "to clarify false information that he previously testified to before the Investigating Grand Jury." There was no question-and-answer statement taken at the time, and it is not clear from the record why no formal statement was taken. It's also not clear what generated this meeting on August 7th. Was Mr. Moody being threatened with contempt of court for lying to the grand jury? It's just not clear. But a police report was generated, and it says various things that Montalvo[-Fernandez] is reported to have said to Moody.

At some point, . . . Mr. Moody came to Detective Mitchell, and he did give a Q-and-A statement. I believe it was two pages and basically adopted a police report. That was March 12, 2020.

So, what we have here is knowing the facts of this case, we know that the three people came together. After the homicide, they left in a car together. Two of them were wearing masks during the crime. We know that there was cell phone contact between them, after the time and prior to their arrest. I think it can be readily inferred that there was an agreement, as part of the original plan, to get away with the crime, to cover up, to evade capture, and I think that can be readily inferred as part of the plan. So, I find that the conspiracy did not end. The statements were made in furtherance of the conspiracy, and they are admissible.

N.T., 7/15/21, at 18-19.

The matter proceeded to trial. The jury convicted both men, and the trial court sentenced Diaz-Ayala as described above. This timely appeal followed.

Diaz-Ayala raises three appellate issues:

1. Whether the trial court erred and abused its discretion in denying [Diaz-Ayala's] pretrial motion to sever?

2. Whether the trial court erred and abused its discretion in permitting hearsay evidence at trial . . . ?

3. Whether the trial court erred and abused its discretion in giving a confusing progression charge to the jury, which led to an inconsistent verdict?

Diaz-Ayala's Brief at 5. We address each issue in turn.

**1. Motion to Sever Codefendants' Trials**

First, Diaz-Ayala challenges the trial court's denial of his motion to sever his trial from that of his codefendant, Mitchell.

At the outset of his brief, Diaz-Ayala correctly acknowledges that "The decision whether to sever trials of codefendants is one within the sound discretion of the trial court and will not be disturbed absent a manifest abuse of discretion." *Id.* at 2 (citing *Commonwealth v. Morales*, 494 A.2d 367, 372 (Pa. 1985)). Further, Diaz-Ayala correctly defines an abuse of discretion as "[n]ot merely an error of judgment, an abuse of discretion occurs when [(1)] the law is overridden or misapplied; [(2)] or the judgment exercised is manifestly unreasonable; or [(3) the decision is] the result of partially, prejudice, bias, or ill-will, as shown by the evidence of record." *Id.* (citing *Commonwealth v. Montalvo*, 986 A.2d 84, 94 (Pa. 2009)). In addition, he correctly reiterates our standard of review in the argument portion of his brief. *See id.* at 19.

However, Diaz-Ayala never indicates which type of abuse of discretion the trial court supposedly committed. Rather than identify the alleged abuse

- 4 -

of discretion, Diaz-Ayala argues why the trial court should have severed his and Mitchell's trials, as if our standard of review were *de novo*.

He asserts he "established during pretrial hearings that the antagonistic defenses would cause him prejudice at a joint trial." ***Id.*** at 20. Diaz-Ayala then relitigates his arguments from below, instead of explaining how the trial court's reasoning was manifestly unreasonable, what law the court overrode, or how its decision arose from bias or prejudice against him.

Moreover, Diaz-Ayala suggests that the "scales of justice ***should have*** tipped toward protecting [his] right to be tried separately due to the strong antagonistic defenses." ***Id.*** at 21 (emphasis added). He contends that, because he "showed that he would be prejudiced by a joint trial, and in fact prejudice resulted, the trial court ***should have*** ordered separate trials for the defendants." ***Id.*** (emphasis added).

When reviewing for an abuse of discretion, we do not ask how the scales of justice should tip or reconsider how a given judicial officer should exercise discretion, as if we were sitting in the place of the trial court. Even if we disagree with a trial court's judgment on the severing of codefendants' trials, Pennsylvania courts have long held that an "abuse of discretion is not merely an error of judgment, but rather a misapplication of the law or an unreasonable exercise of judgment." ***Johnson v. Johnson***, 222 A.3d 787, 789 (Pa. Super. 2019). Thus, it is insufficient to convince us that "the lower tribunal reached a decision contrary to the decision that the appellate court would have reached." ***B.B. v. Dep't of Pub. Welfare***, 118 A.3d 482, 485

(Pa. Cmwlth. 2015) (some punctuation omitted). Instead, an appellant must persuade this Court that one of the three abuses of discretion occurred. ***See Montalvo***, ***surpa***.

Here, Diaz-Ayala disregards our deferential standard of review for orders denying motions to sever codefendants' trials. He does not argue – much less convince this Court – that the trial court's analysis and decision were manifestly unreasonable or that they overrode or misapplied the law. Nor does Diaz-Ayala argue that the trial court's determinations were the result of bias, prejudice, or ill-will. Hence, his appellate argument does not persuade us that the trial court abused its discretion.

Diaz-Ayala's first issue entitles him to no relief.

## 2.   Hearsay Statements of Conspirators

As his next issue, Diaz-Ayala contends the "trial court erred and abused its discretion in permitting hearsay testimony at trial over [his] objections." Diaz-Ayala's Brief at 22. He challenges two subcategories of hearsay: (1) the grand-jury testimony of Mitchell and (2) the statements that Montalvo-Fernandez made to Mr. Moody in the days following the murder.

Regarding Mitchell's grand-jury testimony, Diaz-Ayala argues that the admission of that testimonial evidence violated the Sixth Amendment to the Constitution of the United States.[2] The Commonwealth replies that Diaz-Ayala waived this sub-issue. ***See*** Commonwealth's Brief at 19-20. We agree.

---

[2] The Sixth Amendment mandates that criminal defendants "shall enjoy the right . . . to be confronted with the witnesses against him . . . ."

Waiver presents "a question of law, over which our standard of review is *de novo*, and our scope of review is plenary." **Commonwealth v. Barbour**, 189 A.3d 944, 954 (Pa. 2018).

"Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Indeed, "issues, even those of constitutional dimension, are waived if not raised in the trial court. A new and different theory of relief may not be successfully advanced for the first time on appeal." **Commonwealth v. Pi Delta Psi, Inc.**, 211 A.3d 875, 884 (Pa. Super. 2019), *appeal denied*, 221 A.3d 644 (Pa. 2019).

When the Commonwealth began to ask one of its witnesses about the testimony that Mitchell provided before the grand jury, counsel for Diaz-Ayala requested a sidebar. There, his attorney did not object to the admission of Mitchell's grand-jury testimony. Defense counsel said, "I'd ask the court to give a cautionary instruction that anything [Mitchell said] in front of the grand jury or in front of the [investigating] detective cannot be used in any way against my client." N.T., 12/15/21, at 57.

The trial court granted the requested relief. The court instructed the jury as follows: "you may hear statements made by Mr. Mitchell. Anything you hear regarding what Mr. Mitchell allegedly said cannot be used against Mr. Diaz-Ayala." **Id.** at 58.

Thus, Diaz-Ayala made no objection to the admission of Mitchell's grand-jury testimony. In fact, he received the relief that he requested at sidebar. Simply put, Diaz-Ayala did not assert that Mitchell's grand-jury testimony

- 7 -

violated his confrontation-clause rights at the trial. Hence, he raises this constitutional theory for the first time on appeal. Under Pa.R.A.P. 302(a), we dismiss Diaz-Ayala's constitutional theory as waived.

Turning to his second sub-issue (*i.e.*, Montalvo-Fernandez's hearsay to Mr. Moody) Diaz-Ayala recognizes that our standard of review for evidentiary issues is an abuse of discretion. **See** Diaz-Ayala's Brief at 2 (citing **Montalvo**, 986 A.2d at 94). However, similar to his first appellate argument, he does not state which of the three types of abuse of discretion he believes the trial court committed. Instead, he argues that the trial court's decision to admit Montalvo-Fernandez's hearsay statements "was erroneous, because . . . that trial court failed to analyze whether [the statements] were made to further the common design of the conspiracy." **Id.** at 27.

First, this is inaccurate. The trial court performed the analysis that Diaz-Ayala claims it did not. The court clearly stated that:

> it can be readily inferred that there was an agreement, as part of the original plan, to get away with the crime, to cover up, to evade capture, and I think that can be readily inferred as part of the plan . . . The statements **were made in furtherance of the conspiracy**, and they are admissible.

N.T., 7/15/21, at 19 (emphasis added).

Second, as mentioned, an "abuse of discretion is not merely an error of judgment, but rather a misapplication of the law or an **unreasonable exercise** of judgment." **Johnson**, 222 A.3d at 789 (emphasis added). Diaz-Ayala does not claim that either occurred when the trial court granted the

Commonwealth's motion *in limine* to admit Montalvo-Fernandez's statements to Mr. Moody. Thus, he fails to persuade us that such an abuse occurred.

Diaz-Ayala's second issue is partially waived and partially meritless.

## 3.    The Jury Charge

Lastly, Diaz-Ayala asserts the trial court "erred and abused its discretion in giving a confusing progression charge to the jury which resulted in an inconsistent verdict." Diaz-Ayala's Brief at 29. He believes the charge on the progressive degrees of murder "confused the jury and led to inconsistent verdicts of guilty of [murder of the] second degree and not guilty of [murder of the] third degree." *Id.*

The record reveals that Diaz-Ayala requested the progressive charge on murder. His counsel said to the trial court, "I am not asking for a progressive charge on anything **other than the homicide.**" N.T., 12/16/21, at 11 (emphasis added). Also, Diaz-Ayala did not object to the charge after it the trial court gave it. **See id.** at 231.

As such, he did not preserve this issue for our review. Under Pa.R.A.P. 302(a), we dismiss Diaz-Ayala's final appellate issue as waived.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/4/2023