J-S19028-19

2021 PA Super 169

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC ROGERS, | : | |
| | : | |
| Appellant. | : | No. 342 EDA 2017 |

Appeal from the Judgment of Sentence July 2, 2015
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0000721-2013,
CP-51-CR-0001717-2013, CP-51-CR-0005681-2012,
CP-51-CR-0007377-2012, CP-51-CR-0007563-2012.

BEFORE:   LAZARUS, J., KUNSELMAN, J., and STRASSBURGER*, J.

OPINION BY KUNSELMAN, J.:                          Filed: August 19, 2021

The Supreme Court of Pennsylvania remanded this appeal to us for the limited purpose of resolving the merits of one issue:  whether the trial court abused its discretion when it decided that its non-jury verdicts of guilty against Eric Rogers were not against the weight of the evidence, so as to shock the trial court's conscience.  ***See Commonwealth v. Rogers***, ___ A.3d ___, No. 8 EAP 2020, 2021 WL 1975272 (Pa. 2021) ("***Rogers II***").   We initially affirmed the trial court's judgment of sentence, imposing an aggregate term of 55 to 170 years' incarceration on 46 crimes.[1]  ***See Commonwealth v.***

---

[1] Those 46 crimes may be found in the following sections of the Crimes Code: 18 Pa.C.S.A. § 3121(a)(1), 18 Pa.C.S.A. § 2702(a)(1), 18 Pa.C.S.A. § 3701(a)(1)(i), 18 Pa.C.S.A. § 3123(a)(1), 18 Pa.C.S.A. § 3124.1, 18 Pa.C.S.A. § 3921(a), 18 Pa.C.S.A. § 3925(a), 18 Pa.C.S.A. § 2902(a)(1), 18 Pa.C.S.A. § 3126(a)(2), 18 Pa.C.S.A. § 3127(a), 18 Pa.C.S.A. § 2701(a)(1), 18
*(Footnote Continued Next Page)*

---

*   Retired Senior Judge assigned to the Superior Court.

*Rogers*, No. 342 EDA 2017, 2019 WL 4686960 (unpublished) (Pa. Super. 2019) ("*Rogers I*"), *affirmed in part, vacated in part*, *Rogers II*, *supra*.

After further review, we find no abuse of discretion, because Rogers failed to address his appellate argument to that deferential standard of review for his weight-of-the-evidence claim. Accordingly, we reaffirm the judgment of sentence.

The Supreme Court related the facts and procedural background of this case as follows:

> In Philadelphia, over the course of approximately ten months beginning in May 2011, [Rogers] physically and sexually assaulted five women – two of whom were minors – and stole various items of personal property from them. [Rogers] was charged with dozens of crimes, including multiple counts of rape, robbery, and involuntary deviate sexual intercourse. The charges were consolidated for trial.

> \* \* \* \* \*

> The matter proceeded to a consolidated, four-day waiver trial before Judge Woelpper in February 2015. At trial, the victims testified and described the attacks, including the threats of violence and actual violence [Rogers] used to subdue his victims – including tackling, punching, and choking. Several of the victims indicated that, after [Rogers] assaulted them, he stole personal property from them, such as credit cards, identification cards, cell phones, and cash. With regard to the three adult victims, the Commonwealth presented evidence that DNA matching [Roger's] was recovered from the victims' clothing or bodies shortly after each attack.

---

Pa.C.S.A. § 2705, 18 Pa.C.S.A. § 2903, 18 Pa.C.S.A. § 2706(a)(1), 18 Pa.C.S.A. § 6301(a)(1)(i), 18 Pa.C.S.A. § 6318(a)(1), and 18 Pa.C.S.A. § 4912.

[Rogers] testified in his defense. He admitted to having sexual relations with all of the victims but portrayed it as consensual in each instance. He denied that he physically harmed, or stole property from, any of them. Further, he described the encounters with the adult victims as sex-for-money transactions. He claimed to have propositioned A.P. and that she agreed she wanted to "make some money." N.T., Feb. 11, 2015, at 103. As for M.H., [Rogers] testified that she was walking back and forth in a manner suggestive of solicitation. *See id.* at 104.

The court, sitting as fact-finder, convicted [Rogers] of rape, aggravated assault, robbery, and related offenses as to all three of the adult victims. The court also found him guilty of rape and other offenses as to one of the minor victims, and corruption of minors with regard to the other minor victim. *See* N.T., Feb. 19, 2015, at 3-4. [Rogers] was classified as a sexually-violent predator and sentenced to an aggregate prison term of 55-170 years. *See* N.T., July 2, 2015, at 50. [Roger's] post-sentence motion was denied.

*Rogers II*, ____ A.3d at ____, No. 8 EAP 2020 (Slip Opinion at 2-4).

Rogers raised four appellate issues in this Court. They were as follows:

1. Did the trial court violate Rogers' constitutional rights by forbidding him from introducing evidence of some of his accusers' prior convictions for prostitution?

2. Was the Commonwealth's evidence legally insufficient?

3. Was the verdict against the weight of the evidence?

4. Did the trial court abuse its discretion in fashioning the sentence?

*See* Rogers' Brief at 5. We found that the first and fourth issues lacked merit and that Rogers had waived the second and third issues. *See Rogers I*, No. 342 EDA 2017, 2019 WL 4686960, at *4–8.

The Supreme Court of Pennsylvania granted Rogers' petition for an allowance of appeal to review our disposition of his first and third appellate issues. The High Court affirmed our ruling on the first issue, but it rejected our finding of waiver as to the third appellate issue. It therefore remanded this matter for us to decide that issue on the merits.

Rogers asks, "Were not the verdicts so contrary to the weight of the evidence as to shock one's sense of justice?" Rogers' Brief at 5.

This phraseology misstates the question. By framing the issue in that manner, Rogers presents it as if we employed a *de novo* standard of review for evidentiary-weight claims. However, as mentioned at the outset of this Memorandum, the actual appellate issue is whether the trial court **abused its discretion** by deciding that its non-jury verdicts against Rogers were not against the weight of the evidence, so as to shock the trial court's conscience and its sense of justice.

Rogers seems to believe that we can substitute our judgment on whether the guilty verdicts shocked the trial court's conscience for the trial court's conclusion that they did not. Our deferential standard of review does not permit this.

Instead, our standard of review for a weight-of-the-evidence claim is an abuse of discretion. As we have often reminded appellants, "An appellate court's standard of review when presented with a weight of the evidence claim **is distinct from the standard of review applied by the trial court**. Appellate review of a weight claim is a review of the exercise of discretion,

- 4 -

**<u>not</u> of the underlying question of whether the verdict is against the weight of the evidence**." ***Commonwealth v. Windslowe***, 158 A.3d 698, 712 (Pa. Super. 2017) (emphasis added).

Rogers disregards the distinction between the two standards of review. In fact, he omits this Court's standard of review on the instant issue from his brief. ***See*** Rogers' Brief at 2-4. This omission is a critical misstep. By failing to recognize the correct, appellate standard of review in his brief, Rogers' argument misses the mark.

In his evidentiary-weight argument, Rogers overlooks that "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." ***Commonwealth v. Santos***, 176 A.3d 877, 882 (2017). To mount an abuse-of-discretion attack against the trial court's determination that its guilty verdicts were not so against the weight of the evidence as to shock that court's own conscience, Rogers needed to demonstrate how the trial court's ruling overrode the law, was manifestly unreasonable, or the product of bias, prejudice, ill-will or partiality.

He makes no such contentions on appeal. ***See*** Rogers Brief at 47-49. Rather than claim an abuse of discretion, Rogers argues to us *de novo* that the verdicts were against the weight of the evidence, *i.e.*, that the witnesses lacked credibility, and that the trial court's verdicts were "highly speculative." ***Id.*** at 48. Accordingly, Rogers does not contend, much less persuade us, that

the trial court overrode the law; made a manifestly unreasonable decision; or was motivated by bias, prejudice, or ill will.

Hence, we are unpersuaded that an abuse of discretion occurred and therefore dismiss Rogers evidentiary-weight issue as meritless.

Judgment of sentence affirmed.

Judge Strassburger did not participate in the consideration or decision of this case.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/19/21