J-S12002-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DAVID JUNIOR SEECHARRAN | : | |
| | : | |
| Appellant | : | No. 1215 MDA 2022 |

Appeal from the Judgment of Sentence Entered February 3, 2022,
in the Court of Common Pleas of York County,
Criminal Division at No(s):  CP-67-CR-0002594-2019.

BEFORE:   KUNSELMAN, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                     **FILED:  JUNE 2, 2023**

After a jury convicted him of murder of the third degree, drug delivery resulting in death, possession of illicit drugs with intent to deliver, corrupt organizations, and criminal conspiracy,[1] David Junior Seecharran appeals from the judgment of sentence imposing an aggregate incarceration period of 30 to 60 years.  We affirm.

In 2017 and 2018, Seecharan and David Taylor trafficked heroin and fentanyl throughout York County.  On the night of June 2, 2018, Seecharan sold heroin and fentanyl to Taylor, who took the drugs to James Connelly's home.  Taylor and Connelly did the drugs; Connelly overdosed and died.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. §§ 903(a)(1); 911(b)(3),(4); 2502(c); and 2506(a); **see also** 35 P.S. 780-113(a)(30).

The police arrested Seecharan and Taylor. A jury convicted Seecharan, and the trial court sentenced him as described above. The court denied post-sentence motions, and this timely appeal followed.

Seecharan raises one appellate issue. He asks:

Whether the trial court abused its discretion by denying [him] a new trial when the jury verdicts for [murder of the third degree,] drug delivery resulting in death, and criminal conspiracy to commit [murder of the third degree] were against the weight of the evidence.

Seecharan's Brief at 4.

At the outset of his brief, Seecharan correctly acknowledges, "Claims that a verdict was against the weight of the evidence will be overturned only if the trial court abused its discretion in denying a request for a new trial . . . ." *Id.* at 3 (citing *Commonwealth v. Champney*, 832 A.2d 403, 408 (Pa. 2003), *cert. denied*, 542 U.S. 939 (2004)). Further, Seecharan correctly defines an abuse of discretion as "not merely an error of judgment; rather, discretion is abused when [(1)] the law is overridden or misapplied; [(2)] or the judgment exercised is manifestly unreasonable; or [(3) the decision is] the result of partially, prejudice, bias, or ill-will, as shown by the evidence of record." *Id.* (citing *Commonwealth v. Busanet*, 817 A.2d 1060, 1076 (Pa. 2002)). In addition, he reiterates our deferential standard of review in the argument portion of his brief. *See id.* at 16.

However, Seecharan never indicates which of the three types of abuse of discretion he believes the trial court supposedly committed by denying his

request for a new trial based on a weight-of-the-evidence claim. Instead of identifying an abuse of discretion, Seecharan argues that the guilty verdicts should shock the conscience of this Court, as if our standard of review were *de novo*. ***See id.*** at 16-21 (repeatedly claiming "the jury's verdict shocks the conscience").

When reviewing a weight claim, we do not ask whether the verdicts shock the conscience of this Court. The issue is whether the trial court's decision that the verdicts did not shock ***its*** conscience overrode the law; was manifestly unreasonable; or the result of bias, prejudice, or ill will.

As this Court has often reminded appellants, our "standard of review when presented with a weight of the evidence claim is ***distinct from the standard of review applied by the trial court***. Appellate review of a weight claim is a review of the exercise of discretion, ***not of the underlying question of whether the verdict is against the weight of the evidence***." ***Commonwealth v. Windslowe***, 158 A.3d 698, 712 (Pa. Super. 2017) (emphasis added).

We recently re-emphasized this point in ***Commonwealth v. Rogers***, 259 A.3d 539 (Pa. Super. 2021), *appeal denied*, 280 A.3d 866 (Pa. 2022). There, Rogers was convicted of multiple rapes, and he made the same briefing error on appeal as Seecharan makes here.

The ***Rogers*** Court explained:

> Rogers disregards the distinction between the two standards
> of review . . . By failing to recognize the correct, appellate

standard of review in his brief, Rogers' argument misses the mark.

In his evidentiary-weight argument, Rogers overlooks that "An abuse of discretion is not merely an error of judgment but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." **Commonwealth v. Santos**, 176 A.3d 877, 882 (Pa. Super. 2017). To mount an abuse-of-discretion attack against the trial court's determination that [the] guilty verdicts were not so against the weight of the evidence as to shock that court's own conscience, Rogers needed to demonstrate how the trial court's ruling overrode the law; was manifestly unreasonable; or the product of bias, prejudice, ill-will or partiality.

He makes no such contentions on appeal. **See** Rogers Brief at 47-49. Rather than claim an abuse of discretion, Rogers argues to us *de novo* that the verdicts were against the weight of the evidence, *i.e.*, that the witnesses lacked credibility, and that the trial court's verdicts were "highly speculative." **Id.** at 48. Accordingly, Rogers does not contend, much less persuade us, that the trial court overrode the law; made a manifestly unreasonable decision; or was motivated by bias, prejudice, or ill will.

**Id.** at 541–42.

Like Rogers, Seecharan reargues his weight-of-the-evidence claim *de novo*. He would have us substitute our view of the evidence and reweigh the credibility of Taylor and other witnesses, in light of other evidence that Seecharan believes is exculpatory.

However, we did not hear or see the witnesses testify. **See Santos**, *supra*. Thus, it is impossible for us to make the determinations Seecharan requests. This renders a trial court's disposition of an evidentiary-weight claim "one of the **least assailable reasons** for granting or denying a new trial" on

- 4 -

appeal. ***Commonwealth v. Clay***, 64 A.3d 1049, 1055 (2013) (emphasis added).

In sum, Seecharan makes no claim that the trial court misapplied the law; made a manifestly unreasonable decision; or acted with prejudice, bias, or ill will. Hence, he does not truly contend – much less persuades us – that an abuse of discretion occurred.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 06/02/2023