J-S32020-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| LLOYD JOSEPH VALCARCEL | : | |
| | : | |
| Appellant | : | No. 1332 MDA 2022 |

Appeal from the Judgment of Sentence Entered August 22, 2022
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0002266-2021

BEFORE: DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED: OCTOBER 4, 2023**

The trial court convicted Lloyd Joseph Valcarcel of illegally possessing a firearm and related charges.[1] He now appeals from the judgment of sentence, which imposed three-and-a-half to seven years' incarceration, with a year of reentry supervision to follow. Based on the reasons below, we affirm.

Because our decision purely rests on procedural grounds, we only briefly discuss the underlying facts. On March 29, 2021, Valcarcel was a passenger in a sedan, which police stopped. While investigating the driver, an officer smelled the aroma of cannabis wafting from the car and eventually ordered the occupants to exit the vehicle. They arrested Valcarcel and searched him. The search revealed a Glock 19 pistol and drugs.

The trial court discussed the ensuing procedural history from there:

---

[1] **See** 18 Pa.C.S.A. §§ 4914(a) (giving false identification to law enforcement), 6105(a)(1) (possessing firearm while prohibited), and 6106(a)(1) (unlicensed possession of firearm); **see also** 35 Pa.C.S.A. §§ 780-113(a)(16) and (31) (possessing small amount of cannabis).

On June 1, 2021, Heather A. Reiner, Esquire, entered her appearance on behalf of [Valcarcel]. On July 5, 2021, [Valcarcel] filed an Omnibus Pre-Trial Motion alleging an unlawful search and seizure and requesting the suppression of all evidence that resulted from that search and seizure. On July 16, 2021, a hearing was scheduled to address the suppression motion. On July 25, 2021, Attorney Reiner filed a motion to withdraw as counsel.

On August 19, 2021, at the time scheduled for the hearing on the motion to suppress, [Valcarcel] indicated that Attorney Galloway would be taking over as defense counsel once he received Attorney Reiner's file. [The trial court] permitted Attorney Reiner to withdraw as counsel . . . the motion to suppress was withdrawn without prejudice with the direction that "any future motion to suppress must be filed within 20 days of today's date with an entry of appearance by whoever is going to represent Mr. Valcarcel; otherwise, it will be considered untimely and not heard." [T.C.O., 8/19/21, at 2.]

On September 9, 2021, Roy L. Galloway III, Esquire, entered his appearance on behalf of [Valcarcel]. On September 13, 2021, [Valcarcel] filed [a second] Omnibus Pre-Trial Motion, again alleging an unlawful search and seizure and requesting all evidence seized as a result of a search of [his] person be suppressed. A hearing . . . was scheduled for November 15, 2021.

[On that date], attorney Galloway represented to the [suppression court] that, as an officer of the court with a duty of candor, he could not state the pending motion was well grounded and rooted within Pennsylvania law and jurisprudence and was not frivolous. As a result, Attorney Galloway indicated, the motion needed to be withdrawn.

Attorney Galloway went on to state, "I think my client would disagree with me, but, as an officer of the court, having watched the video and read over all of the reports and reviewed all the jurisprudence on this body of law or the area of the law that meets the facts of this case, I can't proceed with the motion." [N.T., 11/15/2021,] at 2-3. [Valcarcel] then addressed the court, indicating he did not wish to proceed to trial with Attorney Galloway representing him and that he was obtaining new counsel. At the

conclusion of the proceeding, [the suppression court] issued an order directing the motion be withdrawn with prejudice "as this is the second time it has been filed and not proceeded with." *Id.* at 6.

[Valcarcel] was granted a final opportunity to proceed with new counsel, and the matter was set to be ready for trial. *Id.* at 7. Attorney Galloway was released from representation . . .

On February 24, 2022, Jeremy D. Williams, Esquire, entered his appearance on behalf of [Valcarcel]. On March 20, 2022, [he] filed [a third] Omnibus Pre-Trial Motion alleging an unlawful search and seizure and requesting all evidence seized as a result of a search of [Valcarcel's] person be suppressed. On March 27, 2022, [the trial court] issued an Order denying the third Omnibus Pre-Trial Motion, citing the similar motion, filed by prior defense counsel, which was withdrawn with prejudice at the time scheduled for the hearing.

Trial Court Opinion, 12/16/22, at 2-5 (some citations to the record omitted).

Valcarcel moved for reconsideration; the trial court denied that motion. The case proceeded to a stipulated bench trial, and the trial court convicted and sentenced Valcarcel as described above. This timely appeal followed.

On appeal, Valcarcel asks, "Whether the tardiness of [his third] motion to suppress . . . should have been excused by the trial court[?]" Valcarcel's Brief at 4.

At the outset of his brief, Valcarcel correctly identifies our deferential standard of review for an order dismissing a motion to suppress as untimely. He observes, "appellate courts review the suppression court's decision on an untimely suppression motion for an abuse of discretion." *Id.* at 3 (citing ***Commonwealth v. Micklos***, 672 A.2d 796, 802 (Pa. Super. 1996) (*en*

*banc*)). He also identifies the three types of abuse of discretion: "An abuse of discretion is not a mere error in judgment, but, rather, it exists where [(1)] the judge acts manifestly unreasonably; [(2)] misapplies the law; or [(3)] acts with partiality, bias, or ill will." *Id.* (citing ***Micklos***).

However, in crafting his argument, Valcarcel ignores our standard of review. *See id.* at 11-14. Instead of identifying which type of abuse the trial court committed by refusing to grant him an additional extension of time to file a third suppression motion, Valcarcel attempts to relitigate the issue, as if our standard of review were *de novo*.

He contends the trial court "***erred*** in denying [his] motion to suppress, because[, in his view,] it met exceptions for untimely filing of an omnibus motion . . . ." *Id.* at 11 (emphasis added). He believes the grounds for bringing the third motion to suppress did not exist until the Supreme Court of Pennsylvania decided ***Commonwealth v. Barr***, 960 A.2d 59 (Pa. 2021), at the end of 2021. However, Valcarcel does not develop his argument further. He fails to explain how the trial court overrode the law or acted manifestly unreasonable, in light of ***Barr***. Valcarcel never indicates why his prior two attorneys "were not aware of the grounds" that the defendant raised in ***Barr***. Valcarcel's Brief at 12.

Even if he had developed this argument further, Valcarcel's claim that the grounds for his motion to suppress did not exist until after the Supreme Court of Pennsylvania decided ***Barr*** is meritless. By the fall of 2021, ***Barr*** had reached the Supreme Court and had been argued. Thus, the defensive theory

in **Barr** – *i.e.*, requesting an extension of decision in **Commonwealth v. Hicks**, 208 A.3d 916 (Pa. 2019) – was already a matter of public record.

In **Hicks**, the High Court held that a person merely possessing a firearm does not create reasonable suspicion, because many Pennsylvanians are licensed to carry guns. **See Id.** at 945. Lawful possession of firearms across the populace rendered an individual's possession of a firearm insufficient to create reasonable suspicion that crime is afoot simply because a gun is discovered during a search. In other words, possession of a firearm alone is not enough to create reasonable suspicion.

Thereafter, the defendant in **Barr** sought to extend the rationale of **Hicks** to the possession of cannabis. Barr argued that, like firearms, many Pennsylvanians now have licenses to possess cannabis. Thus, the possession of cannabis (or the smell thereof) is not enough to create probable cause. The High Court agreed.

Nevertheless, by the fall of 2021, **Hicks** was two years old. Hence, Valcarcel, like the defendant in **Barr**, could have argued for extending the holding of **Hicks** in his first two motions to suppress, even without the **Barr** case being underway.[2] As such, his claim that the defensive theory in **Barr** was unavailable to his first two attorneys is factually and legally wrong.

---

[2] Valcarcel appears to agree with us, because he also "averred that prior counsel was arguably ineffective when they failed to raise meritorious claims that were based on prevailing case law contained in decisions published prior to filing." Valcarcel's Brief at 12. However, in general, "ineffectiveness claims
*(Footnote Continued Next Page)*

Valcarcel also indicates that the "trial court should [have] invoke[d] the 'interest of justice' exception" to the deadline for filing a motion to suppress. *Id.* at 13. But the in-the-interest-of-justice exception requires an appellant to do more than just tell us what he thinks a trial court should have done, because that "exception provides a trial judge with discretion to excuse a party's tardy presentation of a suppression motion." *Micklos*, 672 A.2d at 802. Thus, it is incumbent upon an appellant to explain what type of abuse discretion the trial court made in performing its interest-of-justice analysis.

In other words, how was the court's decision so manifestly unreasonable as to constitute an abuse? What logical fallacy did the trial court commit, or where was the hole in its reasoning? Valcarcel's argument does not answer those questions. Rather, he invites this Court to substitute its judgment of "the interest of justice" for that of the trial court. This we may not do.

Even if we disagreed with a trial court's judgment regarding extension of time for filing the motion to suppress in the interest of justice, we have long held that an "abuse of discretion is not merely an error of judgment, but rather a misapplication of the law or an unreasonable exercise of judgment." *Johnson v. Johnson*, 222 A.3d 787, 789 (Pa. Super. 2019). Thus, it is insufficient to convince us that "the lower tribunal reached a decision contrary

---

are not to be raised in the first instance on direct appeal but must await collateral review." *Commonwealth v. Crosby*, 844 A.2d 1271, 1271–72 (Pa. Super. 2004). Hence, we express no opinion on whether Valcarcel's first two attorneys were ineffective by neglecting to raise the defense that succeeded in *Commonwealth v. Barr*, 960 A.2d 59 (Pa. 2021).

to the decision that the appellate court would have reached." ***B.B. v. Dep't of Pub. Welfare***, 118 A.3d 482, 485 (Pa. Cmwlth. 2015) (some punctuation omitted). Instead, an appellant must persuade us that one of the three abuses of discretion occurred. ***See Micklos***, ***supra***.

As we have explained, "to mount an abuse-of-discretion attack against the trial court's [ruling, the appellant] needed to demonstrate how the trial court's ruling overrode the law; was manifestly unreasonable; or the product of bias, prejudice, ill-will or partiality." ***Commonwealth v. Rogers***, 259 A.3d 539, 541 (Pa. Super. 2021), *appeal denied*, 280 A.3d 866 (Pa. 2022). Valcarcel makes no such contentions on appeal. ***See*** Valcarcel's Brief at 13-14. Where, as here, an appellant fails to do so, he "does not contend, much less persuade us, that the trial court overrode the law; made a manifestly unreasonable decision; or was motivated by bias, prejudice, or ill will." ***Rogers***, 259 A.3d at 542.

Thus, Valcarcel fails to persuade us that an abuse of discretion occurred; we dismiss his appellate issue as meritless.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/04/2023

- 7 -