J-S47024-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| CHANIYA NICHOLS AND CHRIS MCINTYRE, IN THEIR OWN RIGHT AND AS PARENTS AND NATURAL GUARDIANS OF CAMRYN MCINTYRE, MINOR | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : | |
| v. | : : | |
| MAIN LINE HOSPITALS, INC., LAURA LASKEY,  RIDDLE MEMORIAL HOSPITAL, RIDDLE HEALTH CARE ASSOCIATES D/B/A RIDDLE OB/GYN ASSOCIATES, AND JIE XU | : : : : : | No. 1051 EDA 2023 |

Appeal from the Judgment of Sentence Entered June 26, 2023
In the Court of Common Pleas of Delaware County Civil Division at
No(s):  CV-2019-003149

BEFORE:   STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:                **FILED MARCH 19, 2024**

Plaintiffs, Chaniya Nichols and Chris McIntrye ("Parents"), in their own right and on behalf of their son, Camryn McIntrye, appeal from the judgment entered following a defense verdict in this medical-malpractice case.  Parents raise only evidentiary issues.  Upon review, we affirm.

Our disposition rests upon procedural grounds.  Thus, we only briefly discuss the underlying facts.  On July 6, 2018, Ms. Nichols gave birth to Camryn at Riddle Memorial Hospital.  Dr. Jie Xu, an obstetrician and employee of the hospital, oversaw the delivery.  When Camryn's head emerged during

_____

[*] Former Justice specially assigned to the Superior Court.

the birth, his shoulders became stuck. Dr. Xu responded to the emergency by applying a gentle, downward force on Camryn to free him from the birth canal. As a result of the traumatic birth, Camryn suffered permanent palsy in his left arm.

In 2019, Parents (and Camryn, through them) sued Dr. Xu, the hospital, and other persons for negligence and vicarious liablity. They alleged Dr. Xu carelessly responded to the shoulder-lodging complication and injured Camyrn in the process.

The case proceeded to trial. The first question on the verdict slip was whether Dr. Xu's "conduct fell below the applicable standard of care?" Trial Court Opinion, 6/22/23, at 3. The jurors responded "No." Thus, they did not answer the subsequent questions regarding causation and damages.

Parents moved for post-trial relief, which the court denied. This timely appeal followed.

They raise four appellate issues, which we have reordered as follows:

1.    Did the trial court err when it precluded Parents' liability expert witness, Dr. Gary Brickner, from testifying that "excessive traction" or "excessive force" was used by Dr. Xu, despite that opinion being within his expert report?

2.    Did the trial court err when it precluded Parents' liability expert witness, Dr. Gary Brickner, from testifying that the use of any traction is below the applicable standard of care, despite that opinion being within his expert report?

3.    Did the Trial Court err when it refused to limit the defense's causation expert to general causation and, instead, permitted her to offer an opinion on specific causation in this case?

4. Did the trial court err when it sustained defense counsel's objection to Parents' cross-examining Dr. Xu on prior cases, where Dr. Xu's causation expert was precluded and limited in offering her opinions into evidence at trial?

**See** Parents' Brief at 6-7. We address issues one and two together and issues three and four together.

## Issues 1 & 2

Parents' first two issues challenge the trial court's ruling that some of the breach-of-duty opinions of their expert, Dr. Brickner, exceeded the scope of his expert report and the exclusion of those opinions from evidence. As the phrasing of these two issues suggests, however, Parents fundamentally misunderstand the role of an appellate court when reviewing evidentiary rulings. They ask, "Did the trial court **err** when it precluded" Dr. Brickner from offering certain opinions on how he believed that Dr. Xu had breached the duty of care. **Id.** at 6 (emphasis added). In other words, Parents ask whether the trial court made an incorrect judgment concerning the contents of Dr. Brickner's report.

At the outset of their brief, Parents acknowledge our standard of review for evidentiary rulings and properly define it. They state, "if the challenged ruling involved a discretionary act, the appellate court reviews the disposition of the new trial motion relative to that act for abuse of discretion." **Id.** at 3 (quoting **Passarello v. Grumbine**, 29 A.3d 1158, 1163 (Pa. Super. 2011)) (some punctuation omitted). "Abuse of discretion is not merely an error of judgment; instead, it requires that either (1) the law be overridden or

misapplied . . . (2) the judgment exercised be manifestly unreasonable, or (3) the judgment be the result of partiality, prejudice, bias or ill-will." *Id.* at 2-3 (quoting *Fanning v. Davne*, 795 A.2d 388, 393 (Pa. Super. 2002)) (some punctuation omitted).

Despite defining the standard of review correctly, Parents do not make an abuse-of-discretion argument. In particular, they disregard the standard's prohibition – *i.e.*, that an abuse of discretion "is *not merely* an error of judgment." *Fanning*, 795 A.2d at 393. (emphasis added). As the *Fanning* Court stated, "We emphasize that an abuse of discretion may not be found merely because the appellate court might have reached a different conclusion, but requires a showing of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous." *Id.*

In crafting their appellate arguments regarding the excluded opinions of Dr. Brickner, Parents neglect our standard of review. *See* Parents Brief at 36-39. Instead of identifying which type of abuse the trial court supposedly committed by refusing to allow Dr. Brickner to opine as Parents desired, they attempt to relitigate the evidentiary issues, as if our standard of review were *de novo*.

Parents offer their view of Dr. Brickner's report and announce that they believe it "includes a detailed discussion of traction and the force applied and when and whether the force causes injury and the degree of injury." *Id.* at 36. Parents then reproduce the expert report and, without discussing the trial court's rationale, simply declare, "Dr. Brickner's trial testimony using the term

- 4 -

'excessive' is fairly within the four corners of this report." ***Id.*** at 37. This is quintessentially a *de novo* argument.

Their argument for the second appellate issue is even terser. Parents claim "the trial court committed prejudicial error of law and abuse of discretion when it . . . precluded Dr. Brickner from testifying that the use of any traction . . . is below the applicable standard of care and struck any such testimony, when this is also fairly within the four corners of his expert report." ***Id.*** at 39. This single-sentence argument, lacking any development or consideration of the trial court's reasoning, is also *de novo*. Essentially, Parents would have us, as appellate judges, to decide these evidentiary issues anew, without any deference to the trial judge's rationale.

Under our standard of review for evidentiary issues such as these, it is incumbent upon appellants to explain what type of abuse discretion the trial court allegedly made in ruling upon the scope of the expert's report. In other words, why was the trial court's analysis of Dr. Brickner's expert report so manifestly unreasonable as to constitute abuse? What logical fallacy did the trial court commit, or where was the hole in its reasoning? Parents' *de novo* arguments on these two issue do not answer those questions. Rather, they invite this Court to substitute its judgment of the scope of the expert's report for that of the trial court. This we may not do.

Even if we disagreed with a trial court's judgment regarding the scope of Dr. Brickner's report and which opinions were fairly found within it, we have long held that an "abuse of discretion is not merely an error of judgment, but

rather a misapplication of the law or an unreasonable exercise of judgment." **Johnson v. Johnson**, 222 A.3d 787, 789 (Pa. Super. 2019). Thus, it is insufficient to convince us that "the lower tribunal reached a decision contrary to the decision that the appellate court would have reached." **B.B. v. Dep't of Pub. Welfare**, 118 A.3d 482, 485 (Pa. Cmwlth. 2015) (some punctuation omitted). Instead, Parents must persuade us that one of the three abuses of discretion occurred. **See Fanning**, **supra**.

As we have repeatedly explained, "to mount an abuse-of-discretion attack against the trial court's [ruling, appellants] needed to demonstrate how the trial court's ruling overrode the law; was manifestly unreasonable; or the product of bias, prejudice, ill-will or partiality." **Commonwealth v. Rogers**, 259 A.3d 539, 541 (Pa. Super. 2021), *appeal denied*, 280 A.3d 866 (Pa. 2022). Parents make no such contentions when arguing either of their first two appellate issues. As such, they do "not contend, much less persuade us, that the trial court overrode the law; made a manifestly unreasonable decision; or was motivated by bias, prejudice, or ill will." **Rogers**, 259 A.3d at 542.

Because Parents fail to persuade us that an abuse of discretion occurred, we dismiss their first two appellate issues as meritless.

<u>Issues 3 & 4</u>

Next, Parents ask (a) whether the trial court abused its discretion by allowing Defendants' expert on causation to testify and (b) whether Parents' counsel could cross-examine Dr. Xu regarding prior court appearances of the

Defendants' causation expert. Both of these issues involve evidence about the negligence element of causation. Preliminarily, we observe that the jury did not reach the element of causation.[1] Instead, it found Dr. Xu's conduct conformed to the standard of care when he dislodged Carmyn from the birth canal.

Therefore, we must consider whether these issues have become moot, because we "will not decide moot questions." *In re Gross*, 382 A.2d 116, 119 (Pa. 1978). *See also Sierra Club v. Pennsylvania Public Utility Comm.,* 731 A.2d 133 (Pa. 1999) (holding that courts will dismiss an appeal as moot when no actual case or controversy remains pending). Mootness arises "from events occurring after the lawsuit has gotten under way — changes in the facts or in the law — which allegedly deprive the litigant[s] of the necessary stake in the outcome." *Public Defenders Office of Venango Count v. Venango County Court of Common Pleas*, 893 A.2d 1275, 1279 (Pa. 2006).

Here, even if the trial court abused its discretion on either or both of the two remaining issues, we would not grant Parents appellate relief. Any abuse of discretion regarding Defendants' causation expert can no longer prejudice Parents' case, because we did not award Parents a new trial on liablity, *i.e.*, whether Dr. Xu breached his duty of care.

---

[1] The four elements of negligence are "(1) a duty, (2) a breach of that duty, (3) a causal connection between the conduct and the resulting injury, and (4) actual damages." *Toro v. Fitness International LLC*, 150 A.3d 968, 976–77 (Pa. Super. 2016).

In short, because Parents' first two appellate issues are meritless, the element of causation is now irrelevant. Neither party has a real stake in the outcome of Parents' evidentiary-causation challenges, because Parents cannot establish breach of duty. Regardless of how we resolve the causation issues, Parents cause of action fails.

Thus, we dismiss Parents' third and fourth issues as moot.

Judgment affirmed.

Judge Stabile concurs in result.

P.J.E. Stevens concurs in result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/19/2024