J-S33027-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARLOS ALBERTO FUNES COREAS | : | |
| | : | |
| Appellant | : | No. 268 MDA 2024 |

Appeal from the Judgment of Sentence Entered December 5, 2022
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0005045-2020

BEFORE:  OLSON, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED: DECEMBER 12, 2024**

Carlos Alberto Funes Coreas appeals from the judgment of sentence entered after he was convicted of indecent assault and corruption of minors.[1] Following a remand, Funes Coreas challenges the trial court's denial of his motion for a new trial based on the weight of the evidence.  We affirm.

This case concerns Funes Coreas' conduct with J.L., whose mother Leezued Rodriguez-Carattini is married to Funes Coreas.  J.L. testified at trial about an incident when he was 15, prior to his physical transition to male, when he woke up to Funes Coreas in his bed.  J.L. testified that Funes Coreas grabbed his waist, touched his chest, kissed him, put his hand in J.L.'s vagina, and grabbed J.L.'s hand.  J.L. testified that a week later, Funes Coreas touched his hair and apologized for the prior incident.

_____

[1] 18 Pa.C.S. §§ 3126(a)(8) and 6301(a)(1)(i), respectively.

Funes Coreas impeached J.L. about his continued contact: they had been at events together, and J.L. had asked Funes Coreas for rides. Funes Coreas also presented testimony from Rodriguez-Carattini, who contradicted J.L.'s narrative that she saw Funes Coreas in J.L.'s bed the first time. She further denied that Funes Coreas would sleep in only boxers and that J.L. had never asked her permission for hormone therapy.

The jury acquitted Funes Coreas of aggravated indecent assault but found him guilty of indecent assault and corruption of minors. Funes Coreas was sentenced to 221 days to 23 months of imprisonment, followed by two years of probation. Ultimately, the trial court denied Funes Coreas' motion for a new trial based on the weight of the evidence. Funes Coreas appealed, and a prior panel of this Court remanded for the trial court to apply the correct standard to Funes Coreas' claim that the verdict was against the weight of the evidence. *Commonwealth v. Coreas*, No. 178 MDA 2023, 2023 WL 8827976 (Pa. Super. 2023) (non-precedential decision).

On remand, the trial court again denied Funes Coreas' motion for a new trial. Funes Coreas appealed. After an additional remand for a procedural issue, the court explained its rejection of Funes Coreas' claim as follows:

> [T]he grant of a new trial is within the sound discretion of the trial judge, who is present at the offering of all relevant testimony. *Burrell v. Philadelphia Electric Co.*, [265 A.2d 516, 517] (Pa. 1970). The term "discretion" imports the exercise of judgment, wisdom, and skill so as to reach "a dispassionate conclusion within the framework of the law and is not exercised for the purpose of giving effect to the will of the judge." *Commonwealth v. Widmer*, [744 A.2d 745, 753] (Pa. 2000). Discretion must be exercised on the foundation of reason, as opposed to prejudice,

personal motivations, caprice, or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the actions is a result of partiality, prejudice, bias, or ill-will. **Id.**

\*       \*       \*

In the instant case, it is clear that the jury found the testimony of the victim to be credible and that they believed his version of events, to a particular extent. To find a defendant guilty of Indecent Assault, it is not required . . . to also find him guilty of Aggravated Indecent Assault. . . . [T]he two are separate charges. It is well established that the trier of fact has the responsibility of reconciling conflicts in the testimony presented by accepting the evidence they find worthy of belief and rejecting that which they find is not. This responsibility is not altered because the contradictions appear in the Commonwealth's case. **Commonwealth v. Kearney**, [331 A.2d 156, 157] (Pa. 1975) (citing **Commonwealth v. Hornberger**, [270 A.2d 195, 197] (Pa. 1970)).

Here, [Funes Coreas] avers that the victim/witness, [J.L.], testified inconsistently regarding key facts and that his testimony was directly contradicted by [Rodriguez-Carattini's] testimony. Despite this, the jury, wielding their responsibility to reconcile conflicts in this testimony, made a credibility determination and found that the victim's testimony held greater weight. [J.L.] had not transitioned in the physical sense at the time the incident occurred. [J.L.] testified that [Funes Coreas] had played with [J.L'.s] chest under his shirt, that [Funes Coreas] had put his hand into [J.L.'s] boxers and touched the outside of his vagina, and that [Funes Coreas] had attempted to move [J.L.'s] hand to [Funes Coreas'] lower region. Further, [J.L.] was under the age of 16 at the time of these events, and [Funes Coreas] and [J.L.] had never been married. Based on the testimony and evidence presented at trial, the jury clearly determined that [J.L.'s] testimony held greater weight in resolving the conflicting testimony presented by Ms. Rodriguez-Carattini, [Funes Coreas'] wife and victim's mother. The testimony of [J.L.], standing alone, was sufficient to prove the elements required to find [Funes Coreas] guilty of both Indecent Assault and Corruption of Minors beyond a reasonable doubt.

Trial Court Opinion, 10/23/24, at 13, 16–17.

Funes Coreas contends that the trial court should have granted his motion for a new trial based on the weight of the evidence:

> Did the lower court abuse its discretion in denying Funes Coreas' challenge that the weight of the evidence was against his convictions because the jury disbelieved critical portions of the complaining witness' account where it acquitted Funes Coreas of aggravated indecent assault, the complaining witness' testimony was refuted by his mother's version of events, and there was no corroborating evidence?

Funes Coreas' Brief at 4.

An appellate court reviews a weight-of-the-evidence claim to determine whether the trial court abused its discretion. *Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013). The Supreme Court has explained:

> Appellate review of a weight claim *is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence*. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Id.* (quoting *Commonwealth v. Widmer*, 744 A.2d 745, 753 (Pa. 2000)) (internal citations omitted). "Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will." *Id.*

For a trial court to grant a new trial on a weight claim, "the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *Commonwealth v. Talbert*, 129 A.3d 536, 546 (Pa. Super. 2015). Accordingly, in an appeal of a weight claim, an appellant must argue how the trial court abused its discretion by finding that the "guilty verdicts were not so against the weight of the evidence as to shock that court's own conscience." *Commonwealth v. Rogers*, 259 A.3d 539, 541 (Pa. Super. 2021). That is, the party who claims error must persuade this Court "that the trial court overrode the law; made a manifestly unreasonable decision; or was motivated by bias, prejudice, or ill will." *Id.* at 542.

Here, Funes Coreas provides factors for assessing evidentiary weight that the trial court considered and rejected.[2] First, he argues that the jury's partial acquittal signals that the fact finder found J.L. to be incredible. "[I]t does not make sense to say that J.L.'s testimony was credible enough for indecent assault and corruption of minors convictions but not credible enough for an aggravated indecent assault conviction." Reply Brief at 3–4. The trial court reasoned that the jury properly fulfilled its role in resolving factual issues to find J.L. credible as to the allegations supporting Funes Coreas' convictions, and we agree. "Consistency in verdicts in criminal cases is not necessary." *Commonwealth v. Petteway*, 847 A.2d 713, 718 (Pa. Super. 2004) (quoting

---

[2] Notably, Funes Coreas does not argue in this appeal, as he did in his first appeal, that the trial court applied an incorrect standard to his weight-of-the-evidence claim. Compare *Coreas*, 2023 WL 8827976, at *4.

- 5 -

*Commonwealth v. Swann*, 635 A.2d 1103, 1104 (Pa. Super. 1994)). A verdict itself is not evidence. Contrary to Funes Coreas' argument, his not-guilty verdict for one charge is "immaterial" to the weight of the evidence for his two separate convictions. *Commonwealth v. Knox*, 219 A.3d 186, 198 (Pa. Super. 2019).

Second, Funes Coreas assails various aspects of J.L.'s testimony to support his claim that the jury's verdict was against the weight of the evidence: J.L. did not report the abuse until years later, J.L. continued to ask Funes Coreas for rides, and Rodriguez-Carattini's testimony contradicted J.L.'s. The trial court left the jury's credibility determination undisturbed, as it was the jury's responsibility to reconcile conflicts in testimony. We observe that J.L.'s delayed report was properly before the jury and did not preclude the jury's verdict. 18 Pa.C.S. § 3105; *see also Commonwealth v. Dillon*, 925 A.2d 131, 142 (Pa. 2007) (Cappy, C.J., concurring) (describing as "anachronistic" the common law assumption that a sexual assault victim will immediately cry out). The jury could consider J.L.'s explanations for his delayed report and requests for rides from Funes Coreas. N.T., Trial, 8/30/22, at 157, 189–90. Further, the jury was not required to credit the contrary testimony of Rodriguez-Carattini, Funes Coreas' wife. Considering the record from the trial, the trial court acted within its discretion to find that the evidence was not "so tenuous, vague and uncertain" as to shock the court's own conscience. *Talbert*, 129 A.3d at 546.

Third, Funes Coreas focuses on the lack of corroboration of J.L.'s account of Funes Coreas' abuse, either by physical evidence or by his own admission. The trial court recognized that J.L.'s testimony alone was sufficient to prove Funes Coreas' guilt. We agree and add that a jury is free to believe a witness despite a lack of corroboration. **Commonwealth v. Diaz**, 152 A.3d 1040, 1047 (Pa. Super. 2016); **see also** 18 Pa.C.S. § 3106. The uncorroborated nature of J.L.'s testimony did not compel the trial court to find that the verdict was against the weight of the evidence.

In sum, Funes Coreas has not persuaded us that the trial court abused its discretion by denying his motion for a new trial based on the weight of the evidence. In considering Funes Coreas' arguments, the trial court did not override the law, make a manifestly unreasonable decision, or reach a result from bias, prejudice, or ill will. Accordingly, we affirm.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/12/2024