331 A.2d 158
Gloria GILBERTI, Administratrix of the Estate of
Joseph L. Gilberti, Deceased,

v.

Evangeline PAYNE and Robert J. Compton, Appellants.

Supreme Court of Pennsylvania.

Argued Dec. 3, 1974.

Decided Jan. 27, 1975.

William H. Pugh, IV, Norristown, for appellants.

James S. Kilpatrick, Jr., Haws & Burke, Ardmore, for appellee, Gloria Gilberti, Admrx. of Est. of Joseph L. Gilberti.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## ORDER

PER CURIAM.

Appeal dismissed as improvidently granted. Costs on appellants.

POMEROY, J., filed a dissenting opinion.

POMEROY, Justice (dissenting).

The petition for leave to appeal presented the important question of the validity of a judgment obtained against a defendant who to the knowledge of everyone concerned had died after commencement of suit, but before trial, and where neither the personal representative nor any other successor in interest was substituted as a party. Because I believe that such a judgment is absolutely null and void, I must dissent from the court's action today, which has the effect of ratifying the empty proceeding in the trial court and leaving in effect the Superior Court's affirmance of a shadow judgment against a nonentity. See and compare *Com. v. Walker*, 447 Pa. 146, 151, 288 A.2d 741, 744 (1972) (dissenting opinion of this writer).

An action in trespass for the wrongful death of plaintiff's decedent was brought on March 29, 1965 against Robert J. Compton and Evangeline Payne. On April 27, 1971 a Suggestion of Death was filed by counsel for Mr. Compton indicating that Compton had died on August 14, 1970. No steps were taken to substitute a successor to Compton as a party defendant but the action was

nonetheless allowed to proceed to trial. A jury returned a verdict in favor of appellee and against Compton and Evangeline Payne in the amount of $71,500.

For many years our statutes, and now our rules, have provided that the death of a party does not normally terminate an action, but that it may be continued against his estate, provided the personal representative of the deceased defendant is substituted. See Act of June 7, 1917, P.L. 447, No. 193, as amended, 20 P.S. §§ 777, 778; also the Act of May 7, 1923, P.L. 150, No. 113, 20 P.S. § 779 (now superseded as to procedure for substitution by Pa. R.C.P. 2375, 12 P.S. Appendix); Pennsylvania Rules of Civil Procedure 2351–2374. I would have supposed it to be elementary and fundamental that a court cannot proceed to trial against a person who is not living and whose personal representative has not been substituted in his place. That, however, is what was done in this case. Notwithstanding that all parties and the court knew that Compton had died, they engaged in a charade in which it was pretended that Compton was still alive.

The proper procedure for the substitution of a successor when a party to a pending action dies is set forth in Rule 2352 of the Pennsylvania Rules of Civil Procedure:

"(a) The successor may become a party to a pending action by filing of record a statement of the material facts on which the right to substitution is based.

(b) If the successor does not voluntarily become a party, the prothonotary, upon praecipe of an adverse party setting forth the material facts shall enter a rule upon the successor to show cause why he should not be substituted as a party."

It is thus clear that the rule provides for both a voluntary and an involuntary substitution of a successor. Neither provision was complied with in this case. Because no successor in interest came forward under paragraph (a) of the rule, cf. *Bata v. Central-Penn Nat. Bank of Phila.*, 423 Pa. 373, 377, n. 3, 224 A.2d 174

(1966), cert. den., 386 U.S. 1007, 87 S.Ct. 1348, 18 L.Ed. 2d 433 (1967), it was incumbent upon the appellee to have a successor to Compton substituted as a party defendant in accordance with Rule 2352(b). As recently as 1973 The Superior Court recognized and held that where one has a claim against a deceased person, or an "estate" it is incumbent upon him, if he would enforce it, to obtain the appointment of an administrator against whom he can proceed, i. e. to "raise an administration." *Lovejoy v. Georgeff*, 224 Pa.Super. 206, 212–213, 303 A. 2d 501 (1973).

The record shows that Compton was purportedly represented in the suit by counsel for his liability insurance carrier. It was he who filed the suggestion of death, and who after trial and the refusal of post-trial motions brought the present appeal.[1] The trial court in denying the motion for a new trial filed on behalf of "Compton" concluded that no prejudice had been suffered as a result of the failure to substitute because counsel for Compton's insurer ably represented Compton's interests. There are two answers to this. The first is that the insurance coverage was only $20,000, and the exposure was much greater than that amount, as the verdict eloquently attests.[2] There is a real question as to whether and to what extent the interests of the insured and the insurer coincide where coverage is clearly inadequate. See *Gray v. Nationwide Mutual Insurance Co.*, 422 Pa. 500, 223 A. 2d 8 (1966); *Cowden v. Aetna Casualty and Surety Co.*, 389 Pa. 459, 134 A.2d 223 (1957). Beyond that, I can see no justification for putting Robert Compton's family or his heirs or legatees, assuming there are such, to the burden of defending in the future against any attempt to

1. If it be argued that counsel is without standing here because he had no client, then *a fortiori* the judgment entered below is void for the same reason.

2. It was represented to this Court in oral argument and brief and not contradicted that the full amount of the insurance was tendered by the carrier to the appellee, and declined.

enforce the judgment against Compton's non-insurance assets, or taking affirmative steps to remove the judgment or have it marked satisfied. Such a burden is clearly a prejudice to them.

That point aside, however, the second answer to the trial court's reasoning is that it is not a question of prejudice; it is a question of power in the court to take any action whatever against a person whom death has removed from the scene, unless and until a proper substitute is brought on the record to replace him.

For the above reasons, I believe this Court should have heard the appeal, and thereafter vacated the judgment.