## Berdine v. Washington Hospital

*Charles G. Young, III,* for plaintiff.
*John W. Jordan, IV,* for defendant.

RODGERS, *J.,* July 25, 1980—This matter is before the court on the petition of Joseph F. Bayer, M.D., one of the defendants, to abate the action of Carl Berdine, a minor, now deceased, or to strike from the record the suggestion of death and substitution of Albert Berdine, administrator of the estate of Carl Berdine.

For reasons hereinafter stated, the petition of defendant, Bayer, is denied and plaintiff is granted leave to file an amended complaint.

This proceeding was originally captioned "Carl Berdine, a minor, by Albert Berdine, his parent and natural guardian, and Albert Berdine, in his own right, v. Washington Hospital and Joseph F. Bayer, M.D."

The proceeding arises out of an incident allegedly

28

occurring at Washington Hospital in March of 1974 when Carl was one and one-half years old. The complaint alleges that as a result of malpractice of the defendants the minor child suffered a respiratory arrest and irreversible and massive brain damage. The original complaint contained two counts, one on behalf of the minor, Carl Berdine, for pain and suffering, loss of enjoyment of life, loss of earnings after majority as a result of permanent disability, etc. His father, Albert Berdine, in the second count, sought damages for medical, hospital and custodial care, and loss of the minor's services during his minority.

Extensive discovery proceedings by way of interrogatories, requests for admissions and oral deposition were initiated by plaintiff.

On June 17, 1977 while plaintiff's motion to compel answers to a second set of interrogatories was pending before the court, Carl Berdine died in an institution for retarded children, and defendant, Bayer, filed a suggestion of death on June 24, 1977.

On June 27, 1977 the court en banc heard oral arguments on plaintiff's motion to compel answers to interrogatories, and on September 26, 1977 the court sustained defendant's objections. Correspondence ensued between counsel concerning the listing of the case for trial in the spring of 1978. On August 3, 1978 letters of administration were taken out by Albert Berdine as administrator of the estate of Carl Berdine, and on August 4, 1978, a suggestion of death and substitution of Albert Berdine as administrator was filed by plaintiff. Three weeks later, defendant, Bayer, filed his petition for abatement or to strike plaintiff's suggestion of death and substitution of personal representative, which was served on the then counsel of record, but not on the

next of kin. This defendant contends this action should be abated by reason of section 3375 of the Probate, Estates and Fiduciaries Code, 20 Pa.C.S.A. §3375:

"Abatement of action for failure to take out letters .If a plaintiff or petitioner in any action or proceeding now pending or hereafter brought dies and a personal representative is not appointed within one year after a suggestion of such death is filed in the action or proceeding, any defendant or respondent may petition the court to abate the action as to the cause of action of the decedent. Copies of the petition shall be served upon the executor named in the will, if known to the defendant, and otherwise upon all known next of kin entitled to letters of administration. The court shall abate the action as to the cause of action of the decedent if the delay in taking out letters is not reasonably explained."

It is clear from the record that after, all parties in this matter knew of the death of the minor-plaintiff, defendant, Bayer, by his counsel, continued to participate fully in this case, by way of oral argument and briefs on plaintiff's motion to compel answers to interrogatories, and that this defendant failed to place his petition to abate down for argument until May 12, 1980, more than one and one-half years after filing the petition for abatement.

In the case at bar, plaintiff has not failed to take out letters, and section 3375 requires that copies of the petition to abate be served "upon the executor named in the will, if known to the defendant, and otherwise upon all known next of kin entitled to letters of administration."

"[G]rounds of abatement may be waived, by the defendant taking any step towards the determina-

tion of the cause on its merits, such as participating in arbitration, appearing generally, participating in the trial, or permitting the entry of judgment without objection. .. . ." 1 P.L.E., Abatement and Revival §10.

In the case of Gilberti v. Payne, 459 Pa. 609, 331 A. 2d 158 (1975), where defendant died and there was no substitution, but defendant's insurance company defended the case to judgment on a verdict in the amount of $72,000, the failure to substitute was ignored and the judgment was validated on the grounds that defendant's estate had suffered no prejudice.

Under the provisions of Pa.R.C.P. 2352(b), this defendant had the right to compel substitution of a successor at any time after June 24, 1977 when he filed a suggestion of death.

The court holds that by failing to file his petition to abate until after an administrator was appointed and voluntarily substituted as a party, and by continuing to participate in the proceeding, this defendant waived his claim to abatement.

Further, under the provisions of Pa.R.C.P. 2352(a): "The successor may become a party to a pending action by filing of record a statement of the material facts on which the right to substitution is based."

No particular form of statement is required, nor is there any specific provision for notice to the adverse party when a substitution is voluntarily made.

In the case of Bata v. Central-Penn National Bank of Philadelphia, 423 Pa. 373, 224 A. 2d 174 (1966), the named defendant died while the court was considering plaintiff's motion for judgment on the pleadings. Defendant's son objected to his sub-

stitution under Pa.R.C.P. 2352 as the successor to his father. The court said, 423 Pa. at 377, fn. 3:

"On this appeal Jan T. Bata objects to his substitution under Pa.R.C.P. 2352 as the duly appointed successor to his father, Jan A. Bata. Shortly after Jan A. Bata's death, his counsel informed appellee and the court of this fact and specifically indicated that Jan T. desired to be substituted as a party and intended to take the necessary formal steps. Thereafter Jan T. with the approval of both the court and appellee participated as an active party in all aspects of the controversy. We are of the view that by these actions Jan T. met the requirements of Pa.R.C.P. 2352(a) for voluntary substitution."

Similarly, in the instant case, plaintiff, Albert Berdine, originally guardian of the estate of his minor son, Carl Berdine, has participated actively in the case by his counsel, thus meeting the requirements of Pa.R.C.P. 2352(a), even though there was no formal request for a substitution until later.

However, in the suggestion of death and substitution of personal representative filed by counsel for plaintiff, reference was made to seeking damages for the "decedent's loss of life, damages suffered by the survivors and the estate of Carl Berdine, etc." As to the suggestion of death and substitution of the father as personal representative of the minor's estate, these references are surplusage. Pa.R.C.P. 2352(a) is not a proper vehicle to attempt to amend the complaint on the matter of damages. Cf. Kerr (Minor) v. Chanutin, 62 D. & C. 2d. 550 (1973).

However, in accordance with Pa.R.C.P. 1033, plaintiff, individually and as administrator of the estate of Carl Berdine, will be granted leave to file

an amended complaint on items of alleged damage, allegedly arising from this minor's death.

### ORDER

·And now, July 25, 1980, the petition of defendant, Joseph F. Bayer, to abate the action or to strike the suggestion of death and substitution of personal representative of Albert Berdine as administrator of the estate of Carl Berdine is denied. Plaintiff is granted 20 days from the date of receipt of this order to file an amended complaint on items of alleged damage.