## Gangemi v. DiAntonio

*Harry F. Brennan*, for plaintiff.
*Joseph P. Connon, III*, for defendant.

DI BONA, *J.*, August 31, 1983—The instant matter is before the court on defendants' motion[1] to abate plaintiff's action pursuant to 20 Pa.C.S. §3375, Act of June 30, 1972, P.L. 508, No. 164, §2, effective July 1, 1972. For the reasons stated below, the court grants the motion and dismisses plaintiff's action with prejudice.

Plaintiff commenced this action on January 11, 1980, and subsequently died on November 13, 1981. Defense counsel for the Pungitores filed on February 18, 1982, a suggestion of death, which was served on all counsel. The enclosure letter addressed to plaintiff's attorney stated, "I assume you will be making the appropriate substitutions."

Over a year passed without a personal representative being appointed for plaintiff, and the Pungitores filed the instant motion on May 11, 1983. On May 24, 1983, the attorney for plaintiff both answered

---

1. Although entitled a motion it is actually a petition. See, §3375, infra.

618

the motion and caused Anthony J. Caiazzo to be appointed personal representative.[2]

Defendants argue that plaintiff's attorney has not reasonably explained the failure to appoint a representative within one year after the filing of the suggestion of death, and, therefore, that 20 Pa.C.S. §3375 requires dismissal of the action.

Plaintiff's attorney responds that the Pungitores did not follow §3375's service requirements, that the failure to appoint timely a representative has not prejudiced anyone, and that the expectation that no one would be prejudiced reasonably explains the delay.

Defendants counter that they complied with §3375 in all respects and that prejudice, or the lack of it, is irrelevant under §3375. Defendants do not aver any prejudice, nor does any prejudice appear.

The starting and central point of discussion is §3375, which states:

"If a plaintiff or petitioner in any action or proceeding now pending or hereafter brought dies and a personal representative is not appointed within one year after a suggestion of such death is filed in the action or proceeding, any defendant or respondent may petition the court to abate the action as to the cause of action of the decedent. Copies of the petition shall be served upon the executor named in the will, if known to defendant, and otherwise upon all known next of kin entitled to letters of administration. The court shall abate the action as to the cause of action of the decedent if the delay in taking out letters is not reasonably explained."

---

2. The court notes that Caiazzo's initial appointment was defective, the defect was apparently corrected on June 29, 1983, by an amended decree of the Register of Wills.

The court will first briefly dispose of the service argument and then move on to the major issue, the relevance of prejudice under the statute.

Plaintiff contends that the Pungitores violated §3375 by not serving their motion "upon the executor named in the will" because they did not serve it on Caiazzo, and by not serving the motion "upon all known next of kin entitled to letters of administration." The contentions are absurd. The Pungitores did serve the motion on the executor named in the will, namely, Anthony Gangemi, decedent's husband; Caiazzo was not even appointed personal representative until after the motion was filed and served. Also, the Pungitores did not have to serve the next of kin because §3375 does not require this service when the named executor is known.

Plaintiff's prejudice argument, though erroneous, is more meritorious and may be divided into two parts: (1) that §3375 requires a showing of prejudice before an action may be abated and (2) that, in any event, the absence of prejudice in this case reasonably explains the delay in taking out letters.

The court agrees with defendants that §3375 does not require any independent showing of prejudice, but rather mandates dismissal simply upon the absence of a reasonable explanation for the delay. Lack of prejudice and reasonable explanation (or excuse) not only have entirely different meanings in ordinary usage, but they also represent distinctly different and separate legal doctrines. They are often found together, but they are not interchangeable.

If the legislature had intended to require a showing of prejudice, it would have said so. This court may not ignore the clear language of the statute and inject such a requirement to avoid a seemingly harsh result. See, 1 P.S. §1921(b), Statutory Con-

struction Act of December 6, 1972, P.L. 1339, No. 290, §3.

Moreover, any appearance of harshness is tempered by the observation that §3375 prescribes a specific, lengthy period to perform a fairly simple task.

Therefore, the court concludes that prejudice is not a prerequisite to abatement under §3375.

This still leaves the question of whether the delay has been reasonably explained.

Plaintiff argues in this regard that there was no need to appoint a representative until the case was called for trial because nothing remained to be done except try the case—all pleading and discovery had been completed and a certificate of readiness had been filed even before plaintiff died. In other words, the fact that plaintiff's attorney determined that the delay would not harm anyone reasonably explains the delay.

This argument is not persuasive. First, it ignores the fact that defense counsel stated in writing that he expected the making of appropriate substitutions. Plaintiff's attorney could not reasonably ignore both the statute's mandate and defense counsel's letter, even if he could reasonably assume that inaction would not prejudice anyone. Second, plaintiff's attorney could not have reasonably assumed that nothing would happen until the case was called for trial.

One of the parties might have good cause to reopen discovery or pleadings; various types of motions seeking relief or judgment against plaintiff could have been filed; the case could have been listes for a settlement conference, etc. The point is that a variety of common events easily could have occurred which would have made the absence of a

representative a real source of prejudice or inconvenience.

The fact that today's 20/20 hindsight confirms that no inconvenience or other prejudice occurred during the delay is irrelevant happenstance.

The court does not mean to say that an expectation of lack of prejudice can never form the basis for a reasonable explanation under §3375. It might be a much different case if plaintiff's attorney averred that he had initially informed opposing counsel that he saw no need to appoint a representative within the statute's time frame, and opposing counsel voiced no objection. The court does hold that an attorney cannot reasonably determine all by himself that his own failure to comply with the statute will not prejudice the other parties, simply because he envisions that the case will remain static the whole time that it is waiting to be tried, which can be a very long time given modern-day backlogs, especially in Philadelphia County.

Moreover, accepting the instant explanation as reasonable could very well have the effect of engrafting a demonstration of prejudice requirement onto §3375. One might defeat a motion to abate by responding that one anticipated that no prejudice would result, unless the court found that prejudice had resulted.

Again, if the result here seems overly harsh, it is worth observing: (1) for a second time, that the statute allows a whole year to perform an ordinarily easy task that necessarily must be accomplished sooner or later; (2) that plaintiff's attorney does not aver that he had any reason to believe that defendants did not expect compliance with the statute, and (3) that the language quoted supra at p. 1, from the letter accompanying the suggestion of death, should

have indicated to a careful attorney that defendants did expect compliance.

The court acknowledges that this opinion may be inconsistent with parts of Berdine v. Washington Hospital, 17 D. & C. 3d 26 (1980), the only reported decision applying §3375.

Berdine held that defendant waived his abatement claim by not asserting it until after the appointment of plaintiff-decedent's administrator, and by not placing his abatement petition down for argument until more than one and one-half years after filing it, during which time defendant actively participated in the discovery process. This distinguishes Berdine because no grounds of waiver exist here.[3]

However, in the course of its waiver discussion, the Berdine court made the following statement, at page 30:

In the case of Gilberti v. Payne, 459 Pa. 609, 331 A.2d 158 (1975), *where defendant died and there was no substitution,* but defendant's insurance company defended the case to judgment on a verdict in the amount of $72,000, the failure to substitute was ignored and the judgment was validated on the grounds that defendant's estate had suffered no prejudice. (Emphasis added.)

As is obvious from this quotation and from Justice Pomeroy's dissent in Gilberti, Gilberti had nothing

---

3. Berdine also differs in that, since plaintiff-decedent there was a minor, his father had actively participated in the case from its inception not only as a named plaintiff, but also either as the parent and natural guardian of his son or as the administrator of his son's estate. The Berdine Court therefore found an adequate, though informal, voluntary substitution of a personal representative under Pa.R.C.P. 2352(a) within the year time period. This situation does not exist here.

to do with abating a plaintiff's action pursuant to §3375. Indeed, the substantive question in Gilberti did not concern abatement at all, but rather concerned the validity of a judgment rendered against a deceased person when everyone involved in the trial knew of the death beforehand. See the dissent in Gilberti.

The court also notes that Berdine's citation of Gilberti is inaccurate since the Supreme Court majority in that case did not reach the merits. Supreme Court, by a per curiam order only, dismissed as improvidently granted an appeal from Superior Court; Superior Court had merely affirmed by a per curiam order the unreported trial court decision.

These factors render the Berdine dicta regarding prejudice inapposite and unpersuasive.

Therefore, this court stands by its conclusion that §3375 does not require a showing of prejudice and that the failure to comply with that statute has not been reasonably explained. An appropriate order is issuing.

## ORDER

And now, this August 31, 1983, upon consideration of defendants' motion for abatement and the various responses thereto, it is hereby ordered and decreed that the motion is granted and that plaintiff's action is abated and dismissed with prejudice with respect to all defendants.