J-A29022-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| LORI A. SCHMITT | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ROBERT T. SCHMITT (DECEASED) | : | |
| | : | |
| Appellant | : | No. 424 WDA 2023 |

Appeal from the Order Entered March 13, 2023
In the Court of Common Pleas of Butler County Domestic Relations at
No(s):  F.C. No. 16-90773-D

BEFORE:  BOWES, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED: April 25, 2024**

Carol A. Schmitt (Appellant), on behalf of her deceased son, Robert T. Schmitt (Decedent), appeals the order dismissing Decedent's complaint in divorce against his wife, Lori A. Schmitt (Appellee).  Appellant claims the trial court erred when it granted Appellee's petition to abate the divorce action, pursuant to 20 Pa.C.S.A. § 3375 ("Abatement of action for failure to take out letters").  After careful review, we affirm.

In a thorough opinion, the Honorable William C. Robinson, Jr. of the Butler County Court of Common Pleas set forth the following history of this case:

> Robert T. [Schmitt] ("Husband") [(Decedent)] commenced a divorce action against Lori A. [Schmitt] ("Wife") [Appellee] on February 23, 2018.  Appellee filed an answer and counterclaims against Decedent on March 8, 2018.  A economic claim raised by the pleadings included equitable division of marital property.  Decedent died on May 31, 2020.  A decree in divorce was not entered at the time

Decedent passed away. On August 13, 2020, Decedent's mother, Carol A. [Schmitt] ("Plaintiff's Mother") [(Appellant)], filed a Notice of Death with the Butler County Prothonotary.

Soon after Decedent's death, Appellee filed a motion for special relief, docketed June 22, 2020, asserting the divorce action abated pursuant to 23 Pa.C.S.A. § 3323(d.1) due to Husband's death. A reply was filed on behalf of the Decedent, despite there being no proper party substitution. An estate administration was not open, such as by a fiduciary named in Decedent's will, if one existed, or by the appointment of an administrator duly qualified by statute.

Also on August 13, 2020, oral argument was held on Appellee's motion seeking abatement of the divorce action and on Decedent's reply opposing abatement. By order of court issued October 15, 2020, the trial court denied Appellee's request to abate the divorce action and the ancillary economic issue of equitable distribution. Wife filed a timely appeal to the Pennsylvania Superior Court. On January 14, 2021, the appeal was quashed *sua sponte* on the basis that the trial court's order was not a final order or otherwise appealable, as of right. A fiduciary or other appropriate third-party had yet to be appointed to substitute as a party on behalf of Decedent in the divorce action.

[On May 2, 2022 with the certificate of death finally in hand, Appellant presented a petition for Letters of Administration to the Orphans' Court Division in the Allegheny County Court of Common Pleas […]. However, she was informed Appellee lodged a caveat, requesting notice in the event Letters Testamentary or Letters of Administration were to be issued to open an estate administration for Decedent. Appellant subsequently filed a petition for citation to show cause why letters of administration should not be granted to her. The posture of this litigation is unknown.]

On May 31, 2022, approximately 14 months after remand by the Superior Court, counsel for Appellee filed a motion to dismiss the complaint in divorce. Appellant, while not a properly substituted party in the divorce action, filed an answer and later, an amended answer to Appellee's motion. In an effort to bring finality to the divorce action commenced in 2018, and in view of Decedent's intervening passing on

- 2 -

May 31, 2020, Appellee filed a petition to abate the divorce action pursuant to 20 Pa.C.S.A. § 3375 on June 21, 2022.

An evidentiary hearing was held on September 26, 2022. Appellant in her own right and not as a fiduciary for Decedent's estate, and James R. Jobe, the funeral director handling the arrangements for Decedent's family, both testified remotely. Appellee testified in-person. Briefs in lieu of oral argument were filed post-hearing on behalf of Decedent and Appellee.

Trial Court Opinion, filed 3/13/2023, at 1-3 (style adjusted) (paragraph reordered).

On March 13, 2023, the trial court granted Appellee's abatement petition and dismissed the divorce action with prejudice. Appellant timely filed this appeal. She presents two issues for our review:

1. Did [Appellee] waive grounds for abatement by waiting to file her "Petition to Abate Divorce Action Pursuant to 20 Pa.C.S.A. § 3375" […] ?

2. Did [Appellant] reasonably explain the delay in taking out Letters of Administration […]?

Appellant's Brief at 6-7.[1]

A brief explanation of abatement vis-à-vis the Divorce Code is helpful to address Appellant's claims. Traditionally, Pennsylvania courts have long held that an action in divorce abates upon the death of either party. *See, e.g., Berry v. Berry*, 197 A.3d 788, 802-03 (Pa. Super. 2018) (citing *Estate of*

---

[1] We remind counsel that "the statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case *but without unnecessary detail*." Pa.R.A.P. 2116(a) (emphasis added).

- 3 -

*Pinkerton v. Pinkerton*, 646 A.2d 1184 (Pa. 1994)). "The primary purpose of divorce is to change the relation of the parties; and, when the death of a party occurs, that purpose can no longer be achieved because the marital relationship has been ended by death." *Berry*, 197 A.3d at 803 (citing *Drumheller v. Marcello*, 532 A.2d 807, 808 (Pa. 1987)). "However, this created the possibility that although spouses may be in the process of dividing their marital estate, a surviving spouse could receive an unintended windfall (to the detriment of the deceased spouse's estate and natural objects of his or her bounty) not only laying claim to all marital property but also exercising the right to the elective share of one-third of decedent's non-marital property." *In re Estate of Easterday*, 209 A.3d 331, 339 n.8 (Pa. 2019) (citations omitted).

The Divorce Code was amended in 2005 to provide an exception to this common law rule. *See* 23 Pa.C.S.A. § 3323(d.1) ("Death of a party.").[2] Under this amendment, a divorce action will not abate upon the death of a party, if the grounds for divorce have been established prior to the death, as provided

---

[2] Section 3323(d.1) provides :

> In the event one party dies during the course of divorce proceedings, no decree of divorce has been entered and grounds have been established as provided in subsection (g), the parties' economic rights and obligations arising under the marriage shall be determined under this part rather than under 20 Pa.C.S. (relating to decedents, estates and fiduciaries).

23 Pa.C.S.A. § 3323(d.1).

in 23 Pa.C.S.A. § 3323(g) ("Grounds established.").[3] *Id.* If the grounds enumerated in Section 3323(g) have been met, then the parties' economic rights and obligations will be determined under the Divorce Code rather than the elective share provision of the Probate Code. § 3323(d.1); *see also **Berry***, 197 A.3d at 803).

Initially, Appellee sought to abate the divorce action under the Section 3323(d.1) by filing a motion for special relief. However, the trial court determined that abatement was improper because grounds for the divorce were established, prior to Decedent's death, under Section 3323(g). Appellee

---

[3] Section 3323(g) provides:

> For purposes of subsections [(d.1.)("Death of a party")], grounds are established as follows:
>
> (1) In the case of an action for divorce under section 3301(a) or (b) (relating to grounds for divorce), the court adopts a report of the master or makes its own findings that grounds for divorce exist.
>
> (2) In the case of an action for divorce under section 3301(c), both parties have filed affidavits of consent or, if the presumption in section 3301(c)(2) is established, one party has filed an affidavit of consent.
>
> (3) In the case of an action for divorce under section 3301(d), an affidavit has been filed and no counter-affidavit has been filed or, if a counter-affidavit has been filed denying the affidavit's averments, the court determines that the marriage is irretrievably broken and the parties have lived separate and apart for at least one year at the time of the filing of the affidavit.

23 Pa.C.S.A. § 3323(g).

appealed, and this Court quashed the appeal as interlocutory. After our remittal, Appellee and the Decedent's estate were poised to litigate the parties' economic rights and obligations under the Divorce Code. However, a personal representative needed to step in for the decedent's estate. *See Salvadia v. Ashbrook*, 932 A2d 436, 440 (Pa. Super. 2007) ("all actions that survive a decedent must be brought by or against the personal representative" and "a decedent's estate cannot be party to litigation unless a personal representative exists.") (citation omitted); *see also* 20 Pa.C.S.A. §§ 3371-3377 ("Abatement, Survival and Control of Action"); *and see* Pa.R.C.P. 2351-2374 ("Substitution of Parties").

Over the next 14 months, no one took any action to advance the parties' claims under the Divorce Code. Significantly, there was no proper substitution of a personal representative for Decedent's estate as the plaintiff in the divorce action. Finally, in May 2022, Appellee again sought abatement, this time under the Probate, Estates and Fiduciaries Code, specifically 20 Pa.C.S.A. § 3375 ("Abatement of action for failure to take out letters"). Section 3375 provides for abatement in *any* action involving a deceased plaintiff:

> If a plaintiff or petitioner in any action or proceeding now pending or hereafter brought dies and a personal representative is not appointed **within one year** after a suggestion of such death is filed in the action or proceeding, any defendant or respondent may petition the court to abate the action as to the cause of action of the decedent. Copies of the petition shall be served upon the executor named in the will, if known to the defendant, and otherwise upon all known next of kin entitled to letters of administration. The court shall abate the action as to the cause of action of the

> decedent if the delay in taking out letters is not ***reasonably*** explained.

20 Pa.C.S.A. § 3375 (emphasis added).

Pursuant to the statute, Appellee provided proper notice of the abatement petition. Following an evidentiary hearing, the trial court determined that the requisite amount of time had elapsed to enable Appellee to petition for abatement under Section 3375. The trial court then determined that Appellant's delay in taking out letters was not reasonably explained. As such, the trial court granted Appellee's abatement petition and dismissed the divorce action with prejudice.

On appeal, Appellant claims that the trial court misapplied Section 3375. Specifically, Appellant claims Appellee waived her ability to bring the abatement petition because she waited so long to file. Alternatively, Appellant claims that the trial court abused its discretion when it determined that her delay was unreasonable.

We begin with Appellant's first issue concerning waiver, which implicates the interpretation of Section 3375 and turns on a question of law. The following precepts guide our review. Issues involving statutory interpretation present questions of law for which our standard of review is *de novo* and our scope of review is plenary. ***Salvadia***, 923 A.2d at 439 (citing ***Kopko v. Miller***, 892 A.2d 766, 770 (Pa. 2006)).

Both Appellant and Appellee rely on our decision in ***Salvadia***. There, the plaintiffs were parents who filed an action for medical malpractice on

behalf of their child against the child's pediatrician group. While the action was pending, the child died. In April 2003, the plaintiffs' attorney filed a notice of death, but the attorney did not take out letters of administration at that time. Over a year later, in July 2004, the defendants filed a petition for abatement under Section 3375. In August 2004, almost a year and four months from the filing of the notice of death, plaintiffs requested and were granted letters of administration. The court ultimately granted the defendants' abatement petition. ***Id.,*** 923 A.2d at 441.

On appeal, the plaintiffs in ***Salvadia*** argued that the defendants waived their grounds for abatement, because they actively litigated the malpractice case after the notice of death was filed. ***Id.*** at 442. The plaintiffs relied on a similar malpractice case from the Washington County Court of Common Pleas for the proposition that grounds for abatement can be waived if the defendant "tak[es] any step towards the determination of the cause on its merits, such as participating in arbitration, appearing generally, participating in the trial, or permitting the entry of judgment without objection…" ***See id.***; ***see also Berdine v. Washington Hospital***, 17 Pa. D. & C. 3d 26, at *29-30 (Washinton Cty. 1980)(citing 1 P.L.E., Abatement and Revival § 10).

In ***Salvadia***, we distinguished ***Berdine***, notwithstanding its limited value as a common pleas decision. First, we clarified that waiver was not the primary basis for the holding in ***Berdine.*** Abatement failed in ***Berdine***, because the abatement petition was filed ***after*** the estate was substituted as a party plaintiff. In ***Salvadia***, by contrast, the petition for abatement was

properly filed **before** the parents took out letters of administration. **Salvadia**, 923 A.2d at 443. Even if a defendant could waive abatement under **Berdine**, we concluded that abatement in **Salvadia** was still proper. **Id.** If waiver occurs when a defendant takes "steps toward the determination of the cause on its merits," we reasoned that the defendants did not take steps toward determining the medical malpractice action; rather, they merely engaged in a single act of discovery – specifically, the filing of a certificate prerequisite to filing a subpoena. **Id.** Under these facts, we found that the defendants did not waive abatement. **Id.**

Returning to the instant case, Appellant argues that Appellee waived grounds for abatement of the divorce case, not because she took active "steps toward determination of the cause on its merits," but because she took no steps for too long. Instead of filing for abatement immediately after one year passed, per Section 3375, Appellee waited nearly two calendar years. **See** Appellant's Brief at 14.

We are not persuaded by Appellant's argument. First, Appellee took no steps in the divorce litigation after Decedent's death, other than seeking abatement under 23 Pa.C.S.A. 3323(d.1) and filing the previous appeal. In that sense, Appellee did even less than the defendants in **Salvadia**, who participated in a single act of discovery prior to filing their abatement petition. Second, as we noted in **Salvadia**, the use of the word "may" in Section 3375 ("may petition the court to abate the action") means that Appellant had the

*option* to decide whether to file an abatement petition. ***Salvadia***, 923 A.2d at 440.

For a time, it seems that neither Appellee, nor Appellant was aware of her rights and responsibilities. Appellee could have filed for abatement sooner, but instead she waited. She waited even as Appellant attempted to obtain a substitution of personal representative.[4] Appellee waited to file an abatement petition, even though she filed a caveat with the Allegheny County Register of Wills. Appellant would have us hold that Appellee's failure to file for abatement at the first possible moment of eligibility constitutes waiver. However, to rule this way would be to rewrite the statute's unambiguous plain language. ***See id.*** at 444. We will not replace the word "may" with the word "shall," to make something that is permissive under the statute, mandatory. ***See id.*** at 440-41.

---

[4] Pennsylvania Rule of Civil Procedure 2355(a) provides: "If a named party dies after the commencement of an action, the attorney of record for the deceased shall file a notice of death with the prothonotary. The procedure to substitute the personal representative of the deceased party shall be in accordance with Rule 2352.

Rule 2352 provides: "The successor may become a party to a pending action by filing of record a statement of the material facts on which the right to substitution is based." Pa.R.C.P. 2352(a).

On April 20, 2022, in attempting to comply with these rules, Appellant filed a handwritten pleading, titled "Notice of Death, Substitute of Personal Representative." The pleading was stricken, without prejudice, for failure to set forth material facts on which the right to substitution is based. ***See*** Order of Court, 4/25/22.

We are similarly unpersuaded by Appellant's argument that Appellee "blocked" her from taking out letters.  Appellant maintains that she attempted to take out letters of administration prior to Appellee filing for abatement, but she was blocked from doing so by Appellee's filing of a caveat.  Appellant concludes that she beat Appellee to the courthouse doors, only for Appellant to block her entry. ***See*** Appellant's Brief at 12.

We agree with Appellant that the inaction of both parties created a "race to the courthouse."  For a time, either party could have prevailed, depending on who filed their respective pleading first.  But we dispute the premise of Appellant's argument - that Appellee's filing of a caveat blocked Appellant from taking out letters.  Appellee had legitimate reasons for filing a caveat, *i.e.*, so she would receive notice of any filing regarding Decedent's estate.  As Appellant recognizes, Appellee could not serve as administrator for Decedent's estate, but she still had an interest in the estate.  If the caveat had the effect of preventing Appellant from ***immediately*** obtaining letters, the same does not excuse Appellant's failure to obtain letters earlier.  Appellant could have taken out letters at any time during the preceding two years.  Moreover, it cannot be said that Appellee filed the caveat to buy time to beat Appellant to the courthouse.  Appellee could have filed for abatement at the same time she filed the caveat, and Appellee waited an additional four weeks before

petitioning for abatement.[5]  For these reasons, we conclude Appellant's first issued is without merit.

In her second issue, Appellant argues that her delay in taking out letters was not unreasonable under Section 3375.  This section provides, the court "shall" abate the action unless the plaintiff presents a reasonable explanation for their delay in taking out letters of administration.  *See* 20 Pa.C.S.A. § 3375.  "The use of 'shall' in the context of this statute reveals the legislature's mandatory directive to the court, *i.e.*, the court **must** abate the action **if** the plaintiff fails to present a reasonable explanation for the delay in taking out letters."  *Salvadia*, 923 A.3d at 441 (emphasis original) (citation omitted).

Before we discuss Appellant's claim any further, we note the shift in our standard of review.  Under Section 3375, the trial court has discretion to determine whether the explanation for delay in taking out letters was reasonable.  On appeal, we review whether the trial court abused that discretion:

> The findings of [the trial court] must be accorded the same weight and effect as a jury verdict.  This Court can modify the [trial court's decision] only if it is unsupported by competent or adequate evidence or if an error of law, abuse of discretion or capricious disbelief of competent evidence has taken place.

*Salvadia*, 923 A.2d at 441 (citation omitted).

---

[5] Under 20 Pa.C.S.A. § 906, the caveat would have delayed the grant of letters 10 days.

- 12 -

During the abatement hearing, Appellant provided several explanations for the delay. In its opinion accompanying the order, the trial court thoroughly discussed Appellant's excuses and explained why it deemed them unreasonable:

> The impacts of the COVID-19 pandemic beginning in March of 2020 were unquestionably devastating to everyone. Appellant offers COVID-related delays as a reasonable explanation for her inaction. Specifically, she asserts the disruption in U.S. mail service and other unspecified matters caused by the pandemic as a reasonable basis to deny Appellee's request for abatement under Section 3375 of the divorce action. However, there is no credible evidence to support this assertion. On the other hand, on June 14, 2020, Appellee ordered a certificate of death issued on her estranged husband's passing on May 31, 2020 (**see** Appellee's trial exhibit #5). Appellee received the certificate from the Pennsylvania Department of Health, Division of Vital Statistics, *via* U.S. Mail by letter postmarked September 1, 2020 (**see** Appellee's trial exhibit #6). While mail delivery may have been somewhat delayed or interrupted by the COVID pandemic's fallout, Appellee's diligence clearly shows Appellant reasonably could have used the same process [that Appellee used] to obtain a death certificate, namely by ordering it online and receiving delivery by U.S. Mail.
>
> A second reason set forth by Appellant to justify the over one year delay substituting a fiduciary for Decedent focuses upon the specific language under this court's order issued October 15, 2020. In granting Decedent's requested relief denying abatement of the divorce action pursuant to 23 Pa.C.S.A. § 3323(d.1), this court ordered Appellee, "…to preserve any and all assets acquired during the course of her marriage to [Decedent] regardless of title, ***pending the substitution of the appropriate fiduciary to proceed on behalf of the estate of [Decedent]*** for equitable division of marital property until further order of court. ([emphasis in the original trial court opinion]). Appellant unreasonably believed that, since there was no specific deadline stated in this order to appoint a personal

- 13 -

representative to substitute as a party fiduciary in the divorce action, then a reasonable basis exists to explain her inaction. She unreasonably believed the relevant language stated in the order dated October 15, 2020 usurped the statutory mandate under Section 3375. This basis for denying abatement is unreasonable and not supported by existing law. This argument will result in litigation involving a deceased claimant grinding to a halt without any remedy available to a defendant to move a case forward.

[A third] reason advanced by Appellant is best described as the "complexity of circumstances surrounding [Decedent's] death, the number of people involved, and the existence of two women named ['Mrs. Schmitt.'] [6] factors into the reasonableness of the matter." [Appellant's trial brief at 3]. The funeral arrangements involved James R. Jobe of the Jobe Funeral Home & Crematory, Inc. located in Turtle Creek, Pennsylvania communicating with Appellant residing in Prosper, Texas. The unique feature of this particular funeral arrangement involved transporting Decedent's body by air from Pennsylvania to Texas, but Mr. Jobe was familiar with this circumstance. He sent Appellant an email on June 5, 2020 requesting her to, "Please review the death certificate and email back approved or call me with any corrections." To which Appellant promptly replied, "Everything looks in order on the death certificate." (**See** Appellee's trial exhibit #2). Five certified copies of the death certificate were requested, as shown on the funeral purchase agreement (Appellee's trial exhibit #1).

Appellant repeatedly testified that she never received any of the death certificates from the Jobe Funeral Home. She speculates the death certificates have been sent to Decedent's Brother, Dan [Schmitt], who also lives in Prosper, Texas. There was no testimony indicating whether Dan [Schmitt] received any death certificates and, if he received them, then it is unreasonable to believe he would not communicate his receipt of the death certificates to his mother [(Appellant)] residing in the same Texas town. While Dan [Schmitt] is named as the party on the funeral purchase agreement as the "person making arrangements,"

---

6 In an apparent typographical error, the trial court spelled the parties' surname as "Schmidt." Their surname is "Schmitt."

Mr. Jobe credibly testified his dealings were with [Appellant] because she is technically the next of kin, as opposed to Decedent's brother, Dan [Schmitt]. Appellant failed to offer any reasonable explanation for not following up with Mr. Jobe in order to procure the certificates of death.

[As a fourth reason,] Appellant argues the one-year limitation under Section 3375 was tolled by Appellee's appeal to the Superior Court from the [trial court's order denying abatement under 23 Pa.C.S.A. § 3323(d.1)] dated October 15, 2020. This argument, too, is unreasonable on its face. On August 13, 2020, the notice of death was filed by Appellant. Appellee's notice of appeal was filed on November 6, 2020. The Superior Court's remittal/remand of record was effective March 1, 2021. Under this theory of reasonableness, and in view of the plain language set forth at Section 3375 ("…within one year after a suggestion of death is filed in the action…"), the substitution of the personal representative for deceased Husband should have been accomplished no later than March 1, 2022. Appellant had plenty of time to obtain the certificate of death, petition the Allegheny County Register of Wills for Letters of Administration, and proceed to substitute the personal representative in accordance with the Pennsylvania Rules of Civil Procedure.

T.C.O. at 4-6 (style adjusted) (footnote added).

As noted above, the trial court had discretion to determine the reasonableness of Appellant's delay. Our standard of review permits us to modify the trial court's decision only if the court abused its discretion. *See Salvadia, supra* at 441. "An abuse of discretion is not merely an error of judgment, but rather a misapplication of the law or an unreasonable exercise of judgment." *Johnson v. Johnson*, 222 A.3d 787, 789 (Pa. Super. 2019). In mounting an abuse-of-discretion challenge, an appellant must demonstrate how the trial court's ruling "overrode the law, was manifestly unreasonable,

- 15 -

or the product of bias, prejudice, ill-will or partiality." ***Commonwealth v. Rogers***, 259 A.3d 539, 541 (Pa. Super. 2021).

Under our standard of review, it is incumbent upon Appellant to explain ***how*** the trial court abused its discretion when it determined that her delay in taking out letters was unreasonable. For instance, were the court's findings based on incompetent or inadequate evidence of record, or did the trial court commit an error of law, or was the trial court's decision a product of bias or ill-will, etc. Appellant's *de novo* arguments on this issue do not answer those questions. Instead, Appellant invites us to substitute our judgement for that of the trial court. It is not the role of the Superior Court to re-find facts, re-weigh evidence, and re-assess credibility. ***See, e.g., D.R.L. v. K.L.C.***, 216 A.3d 276, 285-86 (Pa. Super. 2019). Even if we disagreed with the trial court's judgment, we have long held that "an abuse of discretion is not merely an error of judgment. ***Johnson***, 222 A.3d at 789. Because Appellant has not persuaded us that an abuse of discretion occurred, we conclude that her second appellate issue is meritless.

In sum, the trial court did not err when it granted Appellee's petition for abatement under 20 Pa.C.S.A. § 3375. Appellee did not waive these grounds by taking steps toward the determination of the equitable distribution of the marital estate under the Divorce Code, or by failing to petition for abatement sooner. We further conclude that the trial court did not abuse its discretion when it determined that Appellant's explanations for her delay in the taking out of letters were unreasonable.

Order affirmed.  Jurisdiction relinquished.

Judge Murray joins.

Judge Bowes concurs in result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 04/25/2024